**UNITED STATES, Appellee,**

v.

**Private First Class Edgar REYES–RUIZ, SSN 582–17–7193, United States Army, Appellant.**

**CM 443102.**

U.S. Army Court of Military Review.

29 July 1983.

Colonel William G. Eckhardt, JAGC, Major Robert C. Rhodes, JAGC, Captain Warren G. Foote, JAGC, and Captain William T. Wilson, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Captain Patrick M. Flachs, JAGC, and Captain Karen A. Charbonneau, JAGC, were on the pleadings for appellee.

Before HANSEN, CLARKE and BADAMI, Appellate Military Judges.

## OPINION OF THE COURT

CLARKE, Senior Judge:

This case presents the question of whether the Drug Abuse Prevention and Control Act of 1970, as amended, 21 U.S.C. § 801 et seq., is preemptive, and that, therefore, the Federal Assimilative Crimes Act, 18 U.S.C. § 13 (1976) may not be used to enlarge it. We answer in the negative.

Appellant was convicted of the attempted transfer and sale of cocaine (two specifications each), and the illegal possession, transfer and sale of ephedrine, violations of Articles 80 and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 880 and 934 (1976). He was sentenced to a dishonorable discharge, confinement at hard labor for 3 years, total forfeitures and reduction to the grade of Private E-1.

The drug ephedrine is not included in the schedules of the Drug Abuse Prevention and Control Act of 1970, and the possession, transfer and sale of the drug is not specifically punishable under federal law. Ephedrine is, however, a prescribed "legend drug" in the state of Washington, and, its sale,

delivery, or possession without a prescription is unlawful in that state. The offense was charged under clause 3 of Article 134, UCMJ, as having been absorbed into federal law through the Assimilative Crimes Act.

It is clear that Congress did not intend to preempt the field concerning stimulants or depressants when it enacted the Drug Abuse Prevention and Control Act. Thus, 21 U.S.C. § 903, Application of State Law provides:

> No provision of this subchapter shall be construed as indicating an intent on the part of the Congress to occupy the field in which that provision operates, including criminal penalties, to the exclusion of any State law on the same subject matter which would otherwise be within the authority of the State, unless there is a positive conflict between that provision of this subchapter and that state law so that the two cannot consistently stand together (Pub.L. 91–513, title II, § 708, Oct 27, 1970, 84 Stat. 1284).

The Federal Assimilative Crimes Act, 18 U.S.C. § 13 was enacted to fill a statutory vacuum, to use local statutes to fill gaps in the Federal Criminal Code by making state criminal laws applicable to federal enclaves. *Williams v. United States,* 327 U.S. 711, 66 S.Ct. 778, 90 L.Ed. 962 (1946); *accord United ed States v. Picotte,* 12 U.S.C.M.A. 196, 30 C.M.R. 196 (1961).

In *United States v. Shell,* 37 C.M.R. 962 (A.F.B.R.1967), the Air Force Board of Review affirmed a conviction of wrongful possession of amphetamines, a violation of the California Health and Safety Code, assimilated into federal law pursuant to 18 U.S.C. § 13. The Board observed:

> The mere fact that Congress specifically exempts one type of conduct in the [Drug Abuse Control Amendments of 1965, 21 U.S.C. 360a(c)] does not mean it intends that Federal reservations should be a 'safe haven' for this type of conduct within the borders of a state prohibiting this activity.

> The Assimilative Crimes Act reflects a tendency toward uniformity of laws be-

tween the Federal and surrounding state territory (*James Stewart and Co. v. Sandrakula,* (1940), 30 [309] U.S. 94, 84 L.Ed. 596, 10 [60] S.Ct. 431). Section 2 of the [Drug Abuse Control Amendments of 1965] states that the purpose is only to control the interstate traffic in dangerous drugs, realizing that the various state statutes were not equipped to handle interstate drug traffic offenses (Public Law 89–74, Sec 2 (79 Stat 226). However, Congress still left to the States the prerogative to prohibit other types of conduct that the States deemed offensive and that they could effectively control. 37 C.M.R. at 964.

Appellant argues that the holding of the Supreme Court in *Williams v. United States, supra,* requires a different result. We disagree. In *Williams,* the Arizona state statute placed the age of consent to sexual intercourse by a woman at eighteen while the federal statute, in force on the Indian reservation where the act of carnal knowledge occurred, established 16 as the age of consent. The court reversed the Federal District Court conviction finding a direct conflict between the two statutes and held that, when "the precise acts upon which the conviction depends have been made penal by the laws of Congress...." the federal statute preempted the state statute. 327 U.S. at 717, 66 S.Ct. at 781. In the instant case, the Drug Abuse Prevention and Control Act does not touch upon the acts proscribed by the Washington State Statute; we find no conflict exists between the Code and the State law that would preclude application of Washington law.

We also reject appellant's assertion that the military lacks any unique or distinct interest in prosecuting offenses involving ephedrine. A registered pharmacist employed as a State investigator testified that abuse of the drug is increasing, that it affects the central nervous system like amphetamines, and that depending on the individual it can cause death. Recognizing that other states may or may not proscribe the use of ephedrine, the fact is that the State

of Washington did. Given the nature of the drug, the military interest in prosecuting its unlawful use is apparent.

The findings of guilty and the sentence are affirmed.

Chief Judge HANSEN concurs.

Judge BADAMI did not participate.