610

UNITED STATES

v.

**Master Sergeant Ronald W. HEIN, FR 473–58–7654, United States Air Force.**

ACM S27151.

U.S. Air Force Court of Military Review.

Sentence Adjudged 17 June 1986.

Decided 16 Oct. 1986.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Captain Deborah Hudspeth.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Lieutenant Colonel Robert E. Giovagnoni.

Before FORAY, MICHALSKI, and MURDOCK, Appellate Military Judges.

## DECISION

MURDOCK, Judge:

This case illustrates the trap that "scripts" such as the "boilerplate" instructions of the Military Judges' Benchbook[1] can create. Pursuant to his guilty plea, the appellant was convicted, by a court-martial with members, of indecent exposure and being drunk to the discredit of the armed forces.

The appellant first asserts that his plea was improvident because the military judge did not properly inform him of the elements of the offense of being drunk to the discredit of the armed forces. We agree.

There are two closely related public drunkenness offenses, both chargeable as violations of Article 134, U.C.M.J., 10 U.S.C. § 934. One is charged as a standard Article 134, U.C.M.J. offense with the elements including that the conduct was,

1. Department of Army Pamphlet 27–9, *Military*     *Judges' Benchbook,* May 1982.

"under the circumstances, ...to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces." Confinement for one month and forfeiture of two-thirds pay per month for one month is the maximum punishment authorized for that offense. The other offense adds the consideration of service discrediting behavior and authorizes confinement for three months and forfeiture of two-thirds pay per month for three months.

The appellant was charged with this second, more serious type of drunkenness. The Manual for Courts-Martial explains the unusual handling such an allegation must receive:

> (3) Service discrediting. Unlike most offenses under Article 134, "conduct of a nature to bring discredit upon the armed forces" must be included in the specification and proved in order to authorize the higher maximum punishment when the offense is service discrediting.

M.C.M., 1984, Part IV, para. 73 c(3).

The Military Judges' Benchbook recognizes the unusual nature of this element in a note to the discussion of this offense:

> Note. Only when "conduct of a nature to bring discredit upon the armed forces" has been pleaded in the specification and proved will the sentencing authority be entitled to award the higher maximum punishment authorized for this conduct. When such an offense is charged, element (2) should be tailored to make it clear that the members must be satisfied beyond a reasonable doubt that the accused's conduct was service discrediting before he/she may be awarded additional punishment.

Department of Army Pamphlet 27–9, *Military Judges Benchbook*, May 1982, para. 3–140.

The service discrediting language was included in the specification as required. The error occurred during the inquiry into the appellant's guilty plea when the military judge was discussing the elements of the offense. Rather than informing the appellant of the specific "service discrediting" element of the offense with which he was charged, the military judge gave the general element of conduct being either to the prejudice of good order and discipline or of a nature to bring discredit upon the armed forces. Since this two-part element could mislead the appellant into thinking he was pleading guilty only to an offense which was to the prejudice of good order and discipline rather than to one which was of a nature to bring discredit upon the armed forces, the appellant was not properly informed of the elements of the offense to which he was pleading guilty.

As a result, his plea to the "service discrediting" drunkenness offense was improvident. We would ordinarily cure this by amending the specification to delete the phrase "which conduct was of a nature to bring discredit upon the armed forces". However, there is an even more basic defect involved with this specification.

■ In the present case there seems to be no question that the appellant's indecent exposure, on base, while in uniform was either prejudicial to good order and discipline or was service discrediting. The question is whether his drunkenness was as well. Mere drunkenness, without more, usually does not violate the Uniform Code of Military Justice. *United States v. Villanueva*, 16 M.J. 184 (summary disposition) (C.M.A.1983); *United States v. Straub*, 12 U.S.C.M.A. 156, 30 C.M.R. 156 (1961). There must be some aspect of the behavior which either is prejudicial to good order and discipline or is service discrediting. Further, there must be some connection between these elements and the drunkenness.

■ The record provides us little help. No witnesses were called and the proof was based entirely on a two page stipulation of fact. The stipulation indicates that the witnesses' attention was drawn to the appellant as a result of his indecent exposure, not as a result of any purely "drunk" behavior. The first time alcohol is mentioned is when the stipulation discusses the security policeman responding to the appel-

lant's quarters to apprehend him for indecent exposure. At that time, the policeman noticed an odor of alcohol. The stipulation is silent as to how long the appellant had been in his quarters before the police arrived. He did admit during the plea inquiry that he had been drinking that day, but the record lacks sufficient evidence of actionable drunkenness for us to sustain the findings of that offense. We therefore set aside and dismiss Specification 2 of the Charge.

██ Having dismissed the drunkenness specification, we must reassess the sentence. The appellant had spent nearly 18 years on active duty at the time of his trial. During those years, he had served four tours overseas in the Pacific. In a letter submitted pursuant to R.C.M. 1105(b)(3), his defense counsel states that while he was stationed in Southeast Asia, "(o)n numerous occasions the aircraft he flew in over Vietnam on combat missions were hit by enemy small arms fire". The defense counsel further states that while the appellant was stationed on Guam he "saved the lives of three civilian personnel who were swept over the reef by five foot waves". We have considered the entire record, including his record of performance overseas and in combat. We approve only so much of the sentence as extends to a bad conduct discharge, 2 months confinement, and reduction to Sergeant. Because of our dismissal of the drunkenness specification we need not reach a decision on the appellant's other allegation of error.

Having reassessed the sentence, we are convinced the sentence as modified is appropriate in relation to the affirmed findings of guilty and is no greater than that which would have been imposed if the prejudicial error had not been committed. *United States v. Sales,* 22 M.J. 305 (C.M.A. 1986). Accordingly, the findings of guilty and the sentence, both as modified, are

AFFIRMED.

Senior Judge FORAY and Judge MICHALSKI concur.