**UNITED STATES**

v.

**Ralph J. THATCH, III, 429 55 5298, Fireman Recruit (E–1), U.S. Navy.**

**NMCM 88 3816.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 4 Aug. 1988.

Decided 15 Feb. 1990.

Lt. Jacob R. Walker, JAGC, USNR, Appellate Defense Counsel.

Lt. Col. E.A. Ritti, USMCR, Appellate Defense Counsel.

Lt. Teresa A. McPalmer, JAGC, USNR, Appellate Defense Counsel.

Maj. Laura L. Scudder, USMC, Appellate Government Counsel.

Lt. Col. C.M. Klein, USMCR, Appellate Government Counsel.

Maj. R.H. Zales, USMC, Appellate Government Counsel.

Before ALBERTSON, Senior Judge, and STRICKLAND and RUBENS, JJ.

PER CURIAM:

In accordance with the terms of a pretrial agreement, appellant entered pleas of guilty to an unauthorized absence of 20 days and drunk on station, and entered a plea of not guilty to incapacitation for duty, in violation of Articles 86 and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 886 and 934, respectively. He was found guilty of unauthorized absence and drunk on station and the specification of incapacitation for duty was withdrawn. Appellant was sentenced to a bad-conduct discharge, confinement for 20 days, restriction for 30 days and forfeiture of $100.00 pay per month for 2 months. The convening authority approved the adjudged sentence.

This case initially came before the Court on an assignment of error that the sentence was inappropriate. Upon examination of the record of trial, we specified the following issue:

DID APPELLANT PROVIDENTLY PLEAD GUILTY TO SPECIFICATION

1 OF CHARGE II WHEN HE ADMITTED THE LEGAL CONCLUSION THAT HIS BEING DRUNK ON STATION WAS PREJUDICIAL TO GOOD ORDER AND DISCIPLINE BUT FAILED DURING THE INQUIRY TO ESTABLISH THE FACTUAL FOUNDATION FOR SUCH A CONCLUSION AND WHEN SUCH AN ACT IS NOT PER SE ILLEGAL?

In response to this specified issue, appellant asserts that the facts elicited during the providence inquiry do not support the conclusion that his conduct was either prejudicial to good order and discipline or service discrediting. The Government argues that appellant's voluntary presence aboard base while intoxicated is sufficient to support an inference of prejudice to good order and discipline. They assert that a more particularized inquiry is necessary only where the drunkenness does not occur on base. In addition the Government cites authority which purports to hold that the mere fact that a serviceman is drunk is sufficient to constitute an offense.

■ The Government's position that drunkenness alone constitutes an offense relies on Winthrop's analysis of drunkenness as a disorder. W. Winthrop, *Military Law and Precedents* 722–23 (2d ed. Rev. 1920). This conclusion is premised on the propositions that "drunkenness by persons in the military service is an offense against good order and discipline whenever and wherever it occurs" and a serviceman intoxicated on station is thus incapacitated for properly answering a call for duty. *Id.* While we find that incapacitation from properly answering a call for duty might form the basis for prejudice to good order and discipline for a service member under some obligation for recall to duty, we hold that mere drunkenness, without more, does not violate the Uniform Code of Military Justice. *United States v. Hein,* 23 M.J. 610 (AFCMR 1986).[1]

An examination of the elements of the offense leads to the same conclusion. Drunk on station is a violation of Article 134, UCMJ. In order to be found guilty of any offense under this article, an essential element of the offense is that the conduct must be service discrediting or prejudicial to good order and discipline. Paragraph 73b(2), Part IV, Manual for Courts–Martial, United States, 1984.

■ Thus, we will analyze the *Care*[2] inquiry to determine whether there is a factual basis to conclude that appellant's conduct satisfied this essential element of Article 134, UCMJ. In examining the *Care* inquiry, the providence of appellant's plea of guilty must be determined within the four corners of the record, *United States v. Davenport,* 9 M.J. 364 (C.M.A.1980), and the plea cannot be accepted unless it is supported by a factual basis, *United States v. Holt,* 27 M.J. 57 (C.M.A.1988). The following colloquy between the military judge and the accused is relevant to this offense:

MJ: Now, on the 30th of June of 1988, did you have the opportunity to consume some alcoholic beverages?

ACCUSED: Yes, sir.

MJ: And when did this occurred (sic) at?

ACCUSED: Around 2030, it started.

MJ: And I take it you—how much did you consume?

ACCUSED: An excessive amount.

MJ: All right. Now, on the 30th of June of 1988, you heard me define the term "drunk", do you believe and admit that you were, in fact, drunk?

ACCUSED: Yes, sir.

MJ: Now, as described there, do you feel that understand (sic) the circumstances that your conduct was to the prejudice of good order and discipline in the armed forces?

ACCUSED: Yes, sir.

MJ: I take it, it was a voluntary act on your part?

---

1. To hold otherwise would subject service members to criminal sanctions simply because their blood alcohol levels exceed some statutory degree, whether in private quarters or anywhere on base and irrespective of whether their conduct was entirely peaceful and not in any way prejudicial to good order and discipline or service discrediting.

2. *United States v. Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969).

ACCUSED: Yes, sir.

MJ: No one compelled you to drink?

ACCUSED: No, sir.

MJ: Now, what was your status at that time? Were you on leave or liberty or duty status?

ACCUSED: I was—I had just come off watch, but I was under the influence that I was in a liberty status.

MJ: Now, where were you, in fact, located at when you were doing this?

ACCUSED: At building 435 and at the Golden Gate.

MJ: So you were—some of it was on base and some of it was off base?

ACCUSED: Yes, sir.

MJ: And I take it, after you consumed alcohol off-base you returned on base?

ACCUSED: Yes, sir.

MJ: In light of the inquiry by the court, do either counsel feel any added inquiry is needed at this time?

TC: The Government does not, Your honor.

DC: Defense does not, Your Honor.

We can conclude from the foregoing that appellant's drinking began while in a liberty status and that he consumed alcohol both on and off-base. We can also conclude that his drinking was voluntary and that he consumed an excessive amount and was drunk. As to whether appellant's conduct was prejudicial to good order and discipline or was service discrediting, we have only appellant's bare admission to the military judge that this was the case based on the judge's specific question to that effect.

In some instances, such an admission is sufficient where the conduct itself is such that its nature is service discrediting or prejudicial to good order and discipline "on its face" or where such an inference can be

drawn at the appellate level based on all of the facts and circumstances revealed in the providence inquiry. *See United States v. Smith*, 18 M.J. 786 (NMCMR 1984) (superior's courtship of enlisted subordinate resulting in adultery, all of which occurred aboard base and frequently in presence of other unit personnel, "was unequivocally to prejudice of good order and discipline").

In this case, however, appellant's conduct of being drunk on station is not "on its face" service discrediting or prejudicial to good order and discipline. Nor can we conclude from all of the facts and circumstances revealed in the *Care* inquiry that such an inference can be drawn. The fact that appellant admits to this conclusion does nothing to assist us in our responsibility (shared by the trial judge) to ensure appellant did not plead guilty to an offense of which he is in fact not guilty. *See United States v. Hanson*, 24 M.J. 377 (C.M.A.1987); *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969). The military judge did not elicit sufficient facts from appellant to form a basis for this element of the offense and the plea of guilty is thus improvident.[3]

The findings of guilty to Specification 1 of Charge II and Charge II are set aside. The remaining findings are affirmed. The sentence is set aside subject to the condition hereafter stated. The same or a different convening authority may order a rehearing on Specification 1 of Charge II and Charge II, and the sentence, which is conditionally set aside for the purpose of rehearing. If the convening authority determines that a rehearing on this specification is impracticable, he may dismiss the charge and specification and order a rehearing on the sentence only. If the convening authority determines that a rehearing on the sentence likewise is impractica-

---

**3.** We do not believe that our holding is inapposite to the holding in *United States v. Arrington*, 5 M.J. 756 (ACMR 1978) or the dictum in *United States v. Stener*, 14 M.J. 972 (ACMR 1982), where the Army Court stated that it was sufficient that the accused merely acknowledge his conduct was prejudicial to good order and disci-

pline without requiring his opinion as to how his acts were prejudicial. In both of these cases, the misconduct charged under Article 134 was related to drugs (possession, importation and transfer of marihuana and cocaine) and these acts were illegal "on their face" as opposed

ble, he may reassess the sentence.[4]

to the conduct in this case which was not illegal "on its face."

4. Due to the manner in which we have resolved this case, we need not address appellant's original assignment of error.