UNITED STATES

v.

**Michael E. DAVIS, 254 27 4981, Private (E–1), U.S. Marine Corps.**

**NMCM 90 1844.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 13 Dec. 1989.

Decided 29 April 1991.

LT Thomas E. Miro, JAGC, USNR, Appellate Defense Counsel.

LT T.S. Susanin, JAGC, USNR, Appellate Government Counsel.

Before WILLEVER, C.J., STRICKLAND, Senior Judge, and ORR, J.

ORR, Judge:

In accordance with his pleas before a military judge sitting alone as a special court-martial, the appellant was found guilty of failing to go his appointed place of duty in violation of Article 86, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 886, and of wrongfully possessing tetracycline, a prescription drug, in violation of Article 134, UCMJ, 10 U.S.C. § 934. He was sentenced to 45 days confinement and a bad-conduct discharge. He asserts before this Court that a bad-conduct discharge is inappropriately severe for these offenses. In our initial review of this case, however, we specified two additional issues,[1] and we address these issues first.

We answer our first specified issue in the negative. In *Reichenbach,* the Court of Military Appeals declined to apply the doctrine of preemption to a charge under the third clause of Article 134, UCMJ, of the wrongful use of a controlled substance analogue, MDMA or "ECSTASY", before MDMA was listed as a controlled substance. In *Reyes–Ruiz,* the Army Court of Military Review upheld a prosecution under the third clause of Article 134 for the illegal possession, transfer and sale of ephedrine, a "legend drug" requiring a prescription under state law. We find that neither the *Reichenbach* decision nor the reasoning in *Reyes–Ruiz* precludes a prosecution under either the first or second clause of Article 134, UCMJ, of the unlawful possession of a prescription drug that is not a controlled substance.

We also answer our second specified issue in the negative, and as a consequence of our disposition of this second issue and the related issues it raises, the need to address the appellant's contention that a punitive discharge is too severe is obviated. The specification under Charge II states:

In that Private Michael E. Davis, U.S. Marine Corps, on active duty, Marine Air Support Squadron 1, Marine Air Control Group 28, Second Marine Aircraft Wing, Fleet Marine Force, Atlantic, Marine Corps Air Station, Cherry Point, North Carolina, did, at or near Marine Corps Air Station, Cherry Point, North Carolina, on or about 25 August 1989, know-

1. I. WHETHER THE MILITARY JUDGE ERRED IN DENYING THE DEFENSE COUNSEL'S MOTION TO DISMISS CHARGE II AND THE SPECIFICATION THEREUNDER FOR FAILING TO STATE AN OFFENSE, PARTICULARLY IN LIGHT OF THE REASONING IN THE U.S. ARMY COURT OF MILITARY REVIEW DECISION IN *UNITED STATES V. REYES–RUIZ,* 16 M.J. 784 (A.C.M.R.1983) AND THE COURT OF MILITARY APPEALS DECISION IN *UNITED STATES V. REICHENBACH,* 29 M.J. 128 (C.M.A.1989).

II. WHETHER THE MILITARY JUDGE'S INQUIRY INTO THE PROVIDENCE OF THE ACCUSED'S GUILTY PLEA TO CHARGE II AND THE SPECIFICATION THEREUNDER WAS ADEQUATE UNDER RULE FOR COURTS–MARTIAL 910 TO IDENTIFY THE ELEMENTS OF THE OFFENSE AND THE ACCUSED'S UNDERSTANDING OF WHAT ASPECT OF THE LAW IS VIOLATED BY THE POSSESSION OF AN UNCONTROLLED, PRESCRIPTION DRUG WITHOUT A PRESCRIPTION.

ingly and wrongfully possess Tetracycline, a prescribed substance.

In accepting the appellant's guilty plea to Charge II and its specification, the military judge advised the appellant that this offense consisted of two elements:

The first element is that at or near Marine Corps Air Station, Cherry Point, North Carolina, on or about 25 August 1989, you knowingly and wrongfully possessed tetracycline, a prescribed substance;

The second element of that offense is that under the circumstances, your conduct was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.

Record at 115. In the providence inquiry concerning his guilty plea to this offense, the appellant stated that he possessed some of his roommate's tetracycline, for which he believed his roommate had a prescription, because he thought that if he used the tetracycline he would not test positive for marijuana use in a urinalysis test.

During the providence inquiry, the factual basis for the appellant's belief that a prescription was necessary to lawfully possess tetracycline was not explored. In fact, the Government now appears to concede that the appellant's mere possession of the prescribed substance did not violate either state or federal law. Government Reply Brief at 9. In addition, the providence inquiry failed to reveal any reasonable basis for the appellant's belief that the consumption of tetracycline could actually interfere with the accuracy of the results of a urinalysis test. Consequently, to sustain the appellant's conviction for this offense on the information available to us in the record of trial, we must find the possession of an apparently benign substance with the intention to interfere with the accuracy of a urinalysis test, but without any indication of any real potential for doing so, to be conduct prejudicial to good order and discipline or service discrediting. We do not find so. To the contrary, we consider the situation described too remote to be considered a violation of either the first or second clause of Article 134.

In this regard, the 1984 Manual for Courts–Martial provides:

"To the prejudice of good order and discipline" refers only to acts directly prejudicial to good order and discipline and not to acts which are prejudicial only in a remote or indirect sense. Almost any irregular or improper act on the part of a member of the military service could be regarded as prejudicial in some indirect or remote sense; however, this article does not include these distant effects. It is confined to cases in which the prejudice is reasonably direct and palpable.

Paragraph 60c(2)(a), Part IV, Manual for Courts–Martial, United States, 1984. *See also Parker v. Levy,* 417 U.S. 733, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974); *United States v. Sadinsky,* 14 U.S.C.M.A. 563, 34 C.M.R. 343 (1964); *United States v. Holiday,* 4 U.S.C.M.A. 454, 16 C.M.R. 28 (1954); *United States v. Stocken,* 17 M.J. 826 (A.C.M.R. 1984); *United States v. Regan,* 11 M.J. 745 (A.C.M.R.1981).

What the appellant admitted was the possession of a substance he believed (1) required a prescription and (2) would mask his illegal use of a controlled substance if he was required to take a urinalysis test. Why he held these beliefs was not identified, and without some reasonable basis for them, those beliefs alone are too remote or indirect to be considered prejudicial to good order and discipline or service discrediting.

■■■ A guilty plea may not be accepted unless it is supported by a factual basis. Rule for Courts–Martial (R.C.M.) 910(e), Manual for Courts–Martial, United States, 1984; *United States v. Care,* 18 U.S.C. M.A. 535, 40 C.M.R. 247 (1969). The accused's conclusions alone are not sufficient to establish a factual basis. *United States v. Terry,* 21 U.S.C.M.A. 442, 45 C.M.R. 216 (1972); *United States v. Thatch,* 30 M.J. 623 (N.M.C.M.R.1990). The factual circumstances the accused reveals during the providence inquiry must objectively support the plea. *United States v. Davenport,* 9 M.J. 364 (C.M.A.1980). A guilty plea must be in accord with the actual

facts. Discussion, R.C.M. 910(e); *United States v. Moglia,* 3 M.J. 216 (1977); *United States v. Johnson,* 23 U.S.C.M.A. 416, 50 C.M.R. 320 (1975). Consistent with this authority, we find the military judge's providence inquiry was inadequate and the appellant's plea unsupported by an objectively accurate factual basis in that the inquiry failed to identify any reasonable basis for the appellant's beliefs that the possession of tetracycline without a prescription was wrongful or that the ingestion of tetracycline would mask his illegal use of a controlled substance if he was required to take a urinalysis test.

Accordingly, the findings of guilty of Charge II and its Specification are set aside and Charge II and its Specification are dismissed. The remaining findings of guilty are affirmed. In light of the sentence adjudged, the maximum authorized punishment at this point is confinement for 1 month. Although the appellant has already served the sentence of 45 days of confinement as approved and ordered executed by the convening authority, we have reassessed the sentence in accordance with *United States v. Sales,* 22 M.J. 305 (C.M.A. 1986). In light of the appellant's prior disciplinary record, which includes seven incidents of nonjudicial punishment including two unauthorized absence infractions, we approve only so much of the sentence as provides for confinement for 1 month.

Chief Judge WILLEVER and Senior Judge STRICKLAND concur.