UNITED STATES

v.

Todd T. DUNNING, 286 74 5806, Corporal (E–4), U.S. Marine Corps.

NMCM 92 01273.

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 16 Dec. 1991.

Decided 27 May 1994.

LT Darryl G. Geary, JAGC, USNR, Appellate Defense Counsel.

LT Matthew L. Kronisch, JAGC, USNR, Appellate Defense Counsel.

LT Alan D. Titus, JAGC, USNR, Appellate Defense Counsel.

LCDR Stephen A. Stallings, JAGC, USN, Appellate Government Counsel.

LCDR Daniel D. Downing, JAGC, USNR, Appellate Government Counsel.

LT S.J. Coaty, JAGC, USNR, Appellate Government Counsel.

Capt A. Diaz, USMC, Appellate Government Counsel.

Maj G.W. Fischer, USMCR, Appellate Government Counsel.

Before REED, Senior Judge, and LAWRENCE and DeCICCO, JJ.

DeCICCO, Judge:

In this case, we hold that the appellant's guilty pleas to rape and forcible sodomy with his 8– and 9–year–old stepdaughters were improvident due to an inadequate providence inquiry by the military judge. We conclude that the record does not contain an adequate factual basis for the element of force in the challenged specifications. This determination requires corrective action on the findings and sentence.

The appellant pled guilty to raping his stepdaughter [E], to committing forcible sodomy with both [E] and his other stepdaughter [K], both minor females, and to committing indecent acts upon both girls in violation of Articles 120, 125, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 920, 925, 934. The military judge found these pleas provident and convicted the appellant in accordance with them. Specifications alleging carnal knowledge with and indecent acts upon [E] were withdrawn. Officer members sentenced the appellant to be confined for 25 years, to forfeit all pay and allowances, to be reduced to pay grade E–1, and to be discharged with a dishonorable discharge. Pursuant to the pretrial agreement, the convening authority approved the sentence as adjudged, but suspended confinement in excess of 5 years and forfeitures of pay in excess of $400.00 pay per month for a period of 5 years from the date of the action.

Before this Court, the appellant assigned three errors.[1] We subsequently specified a related issue to the first assignment of error involving the guilty pleas.[2]

1. I. THE MILITARY JUDGE ERRED IN FINDING APPELLANT GUILTY OF CHARGE I, SPECIFICATION 1, RAPE OF [E] WHERE APPELLANT DID NOT TESTIFY TO, AND THE RECORD DOES NOT ADEQUATELY PROVE, HOW HE USED ANY FORCE IN COMMITTING THE ACT OF INTERCOURSE WITH THE ALLEGED VICTIM. (CITATIONS OMITTED.)

II. APPELLANT'S COURT–MARTIAL LACKED JURISDICTION BECAUSE THE MILITARY JUDGE WAS DESIGNATED IN VIOLATION OF THE APPOINTMENTS CLAUSE OF THE CONSTITUTION. BECAUSE THIS ERROR IS JURISDICTIONAL, THE ISSUE IS NOT WAIVED EVEN THOUGH IT WAS NOT RAISED AT TRIAL. (CITATIONS OMITTED.)

III. THE COURT–MARTIAL HAD NO JURISDICTION BECAUSE THE MILITARY JUDGE'S LACK OF A FIXED TERM OF OFFICE LEFT THE MILITARY JUDGE INSUFFICIENTLY IN-DEPENDENT TO SATISFY THE FIFTH AMENDMENT'S DUE PROCESS CLAUSE. BECAUSE THE ERROR IS JURISDICTIONAL AND THE RECORD CONTAINS NO EVIDENCE OF A *KNOWING* WAIVER OF APPELLANT'S RIGHT TO AN INDEPENDENT MILITARY JUDGE, THE ISSUE IS NOT WAIVED EVEN THOUGH IT WAS NOT RAISED AT TRIAL. (CITATION AND FOOTNOTE OMITTED.)

2. WHETHER APPELLANT'S GUILTY PLEAS TO CHARGES I AND II AND THEIR SPECIFICATIONS ARE PROVIDENT, CONSIDERING THE CONTENTS OF PROSECUTION EXHIBIT 1 AND APPELLANT'S RESPONSES DURING THE *CARE* INQUIRY? (CITATIONS OMITTED.)

*The Providence Inquiry*

After the appellant entered his guilty pleas, the military judge opened the *Care*[3] inquiry and properly advised him that his pleas waived his rights against self-incrimination, to a trial of the facts by court-martial, and to be confronted by the witnesses against him. The military judge also properly advised the appellant of the elements of the offenses to which he was pleading guilty and the maximum sentence.

Having so advised the appellant, the military judge then questioned the appellant regarding the rape of [E] as follows:

MJ: Do you understand the three elements as I have indicated them to you?

ACC: Yes, sir.

MJ: Do you have any questions about those elements?

ACC: No, sir.

MJ: Now, an act of sexual intercourse means any penetration, however slight, of the female sex organ by the penis of the male, and ejaculation is not required. Do you understand that?

ACC: Yes, sir.

MJ: Do you have any questions about that?

ACC: No, sir.

Record at 21.

Following several questions establishing that the appellant was lawfully on active duty in the U.S. Marine Corps on the dates of the alleged offenses and that he resided in Jacksonville, North Carolina with [E], the inquiry continued:

MJ: How old is [E]?

ACC: Nine, sir.

MJ: Now, obviously, by saying she is your stepdaughter, she is not your wife?

ACC: Yes, sir.

MJ: And she obviously is a female?

ACC: Yes, sir.

MJ: Now, between June and August of 1990, did you have sexual intercourse with [E]?

ACC: Yes, sir.

MJ: It says here in the specification, Corporal, that you had sexual intercourse with [E] at diverse times, implying it was more than once. Was it more than once?

ACC: Yes, sir.

MJ: Now, at that period of time, how old was [E]?

ACC: Nine, sir.

MJ: Would you admit that her—or your having sexual intercourse with [E] was by force and without her consent?

ACC: Yes, sir.

MJ: Did you have any right to do this at all?

ACC: No, sir.

MJ: Do you admit that you were wrong?

ACC: Yes, sir.

MJ: Do you admit that you were violating both military and civilian law?

ACC: Yes, sir.

MJ: Do you admit that [E] was not your wife and a child under the age of 12 years?

ACC: Yes, sir.

MJ: Was there anything that happened; were you intoxicated or something of that nature, during this period of time?

ACC: Yes, sir, I was.

MJ: Do you—despite the fact that you were intoxicated during this period, are you satisfied that you knew what you were doing?

ACC: Yes, sir.

MJ: Are you satisfied that this intoxication is not a defense to the defense—to the offense of rape as it was explained to you?

ACC: Yes, sir.

MJ: And, despite the fact that you were intoxicated, do you admit that you knew what you were doing and that what you were doing was wrong?

ACC: Yes, sir.

MJ: Trial counsel, do you see the necessity for any further questions?

TC: No, sir.

MJ: Defense counsels, do you?

IMC: No sir.

---

**3.** *United States v. Care,* 18 C.M.A. 535, 40 C.M.R. 247 (1969).

MJ: All right.

Record at 24–25. There was no stipulation of fact in this case.[4]

The military judge then turned to the sodomy specifications. He gave the appellant the elements of forcible sodomy with a child under the age of 16 years, and he defined the term "sodomy" for the appellant. The appellant again indicated he understood the elements and had no questions regarding them. The colloquy then continued:

MJ: Now, I defined the term "sodomy" to you. Did you enter into an act of sodomy with [E]?

ACC: Yes, sir.

MJ: And how did you do that?

ACC: By sticking my penis in her mouth, sir.

MJ: In her mouth?

ACC: Yes, sir.

MJ: Was this a voluntary act on her part or was it involuntary?

ACC: Involuntary, sir.

MJ: Well, would you say that a nine-year old child would have a little problem giving consent to a matter like this?

ACC: Yes, sir.

Record at 26–27. The appellant also admitted that he knew what he was doing despite his intoxication, that what he did was wrong, and that he was satisfied that he committed an act of forcible sodomy on [E]. Record at 27–28.

The next specification involved an allegation of forcible sodomy with the appellant's other stepdaughter [K]. Again, the military judge advised the appellant of the elements. The appellant told the military judge that he placed his penis in [K]'s mouth and that [K] was 8 years old. The following then transpired:

MJ: I take it by the mere fact that [K] is an eight-year old child that this was against the will of [K]?

ACC: Yes, sir.

MJ: Do you admit that it was a forcible sodomy?

ACC: Yes, sir.

Record at 30. And finally, during the colloquy on the indecent act offenses,[5] the following took place:

MJ: All right. Now, Corporal, let me tell you that during the providence inquiry, and this is called a providence inquiry, where I ask you questions which I'm required to do under the provisions of the Uniform Code of Military Justice. Normally the Court of Military Review likes the military judge to say to the accused, what happened, and let the accused basically describe in his own words what happened so that it isn't simply a yes and no answer by the accused, but kind of a dialogue. Do you understand what I am saying?

ACC: Yes, sir.

MJ: Now, most of the questions that I asked you called for yes and no answers, and you simply answered the questions correctly, if you will, with regard to the providence of the inquiry.

Now, I want to make sure that even though I asked you questions that called for yes and no answers, are you satisfied that the words that I used correctly describe what you did in each and every case?

ACC: Yes, sir.

Record at 34–35.

During its case in aggravation, the prosecution offered into evidence the appellant's written, pretrial confession. This document explained the appellant's acts in detail. The

---

4. As this Court stated in United States v. Sweet, 38 M.J. 583 (N.M.C.M.R.) (en banc), certificate for review filed, 39 M.J. 66 (C.M.A.1993), we encourage the use of stipulations to support the factual basis for guilty pleas because they are usually prepared in a more relaxed atmosphere than that at trial, they can be drafted to ensure factual accuracy, and they establish a framework for counsel and the accused to discuss the applicable law. Sweet at 592.

5. The appellant has not alleged that his guilty pleas to these offenses are improvident. We find that these pleas are supported by a factual basis in the record, that they were providently entered, and that the appellant was properly convicted of them.

appellant stated that he entered the girls' room at night while they slept and engaged in various indecent acts with them. He did not say whether or not they remained asleep while he committed these acts. But at various places in the statement, he seemed to deny the use of force. Regarding the sodomy offenses, he said: "About two [or] three times, I tried to put my penis in [K]'s mouth. I never tried to force it in her mouth...." and "Like I said, I never forced it in either of their mouths...." Prosecution Exhibit 1 at 2. Regarding the acts of intercourse, he said, "I know I penetrated her slightly on a few occasions, but usually I did not try to do that. All I w[a]nted to do was rub my penis on her, but sometimes it went in her a bit." *Id.* Again, he did not say whether they were awake or asleep during these acts. The military judge admitted this exhibit into evidence without further clarification.

### Principles from Case Law

■ In the 25 years since the *Care* decision, military appellate courts have repeatedly reviewed claims of improvident guilty pleas. We have derived the following principles from those cases:

1) A guilty plea may not be accepted unless it is supported by a factual basis, and the military judge is responsible for obtaining this factual basis on the record. Rule for Courts–Martial (R.C.M.) 910(e), Manual for Courts–Martial, United States, 1984 (M.C.M.); *United States v. Care,* 18 C.M.A. 535, 40 C.M.R. 247 (1969).

2) Military judges may employ different techniques to obtain this factual basis, including a colloquy with the accused, using a detailed stipulation of fact with an understanding of tailored elements and an acknowledgement that the tailored elements accurately describe what the accused did, or both. *Care; United States v. Wimberly,* 20 C.M.A. 50, 42 C.M.R. 242 (1970); *United States v. Sweet,* 38 M.J. 583 (N.M.C.M.R.), *certificate for review filed,* 39 M.J. 66 (C.M.A.1993).

3) An accused's legal conclusions alone are insufficient to establish a factual basis. *United States v. Terry,* 21 C.M.A. 442, 45 C.M.R. 216 (1972); *United States v. Davis,* 32 M.J. 951 (N.M.C.M.R.1991); *United States v. Armstead,* 32 M.J. 1013 (N.M.C.M.R.1991).

4) The factual circumstances the accused reveals during the providence inquiry must objectively support the plea. *United States v. Davenport,* 9 M.J. 364 (C.M.A.1980); *Davis.*

5) A guilty plea must be in accord with the actual facts. Discussion, R.C.M. 910(e); *United States v. Moglia,* 3 M.J. 216 (C.M.A. 1977).

6) A guilty plea may not be accepted if the record contains some evidence that is in substantial conflict with the plea. Article 45(a), UCMJ, 10 U.S.C. § 845(a); *United States v. Prater,* 32 M.J. 433 (C.M.A.1991); *United States v. Stewart,* 29 M.J. 92 (C.M.A.1989).

### Application of Legal Principles

■ In applying the foregoing principles to this case, we find no factual basis in the record for the element of force in either the rape or the forcible sodomy specifications. In the law of rape, force may be established by (a) actual force, i.e., brute force used to overcome the victim's active resistance; (b) constructive force, i.e., where intimidation and threats make resistance futile; or (c) the act of penetration alone in certain cases, i.e., where the victim is asleep, unconscious, or lacks the mental capacity to consent. *United States v. Palmer,* 33 M.J. 7 (C.M.A.1991); *see also United States v. Clark,* 35 M.J. 432 (C.M.A.1992), *cert. denied,* — U.S. ——, 113 S.Ct. 1948, 123 L.Ed.2d 653 (1993). In rape cases that involve child victims, a parent or other authority figure can exert a moral, psychological, or intellectual force that is the equivalent of a threat or intimidation. *Palmer* (citing *Commonwealth v. Ruppert,* 397 Pa.Super 132, 579 A.2d 966 (1990)); *United States v. Rhea,* 33 M.J. 413 (C.M.A.1991). To further explain this principle, Judge Cox wrote in *Palmer:*

To recognize that a parent or authority figure *can* exert a moral, psychological, or intellectual force over a child is merely to recognize the obvious. It is equally obvious, however, that all children do not invariably acquiesce to parental will. The

questions thus remain: Was the child forced? and, Did the child consent? *Palmer* at 10.

Regarding the charge of rape, the appellant simply answered affirmatively to a leading question when asked if his acts of sexual intercourse with his stepdaughter were by force and without her consent. However, the military judge did not elicit any *facts* or information to support this statement. The appellant's reply on the use of force was a legal conclusion, and such conclusions are not sufficient to establish a factual basis. *Terry.*

The military judge was apparently relying solely on the victim's young age and her relationship to the appellant to establish the element of force. Likewise, at oral argument, the Government stated that it was relying solely on the parental force exerted by the appellant to establish the element of force. At no time, however, did the military judge advise the appellant of this doctrine or obtain any facts to establish that it may have existed in this case. As stated in *Palmer*, not all children invariably acquiesce to parental will. The questions remain: Was [E] forced? Did [E] consent? and, What is the *factual basis* to support affirmative answers to these questions? There is no such factual basis in this record. In light of this, we find that the appellant's guilty plea to rape was improvident. We do find, however, that the record contains a sufficient factual basis for the lesser offense of carnal knowledge which we will affirm.

█ As for the forcible sodomy specifications, we also find an insufficient basis in the record for the element of force. For these offenses, the military judge relied on the "mere fact" of the girls' age that these acts were committed by force and without their consent. We are aware of no military cases that hold that sodomy by a parent with an 8– or 9–year–old stepchild is *per se* by force and without the child's consent. In fact, *Palmer*, which was decided about 5 months prior to

the date the sentence was adjudged in this case, rejected such a *per se* rule or any presumption of this sort. Thus, the parent-child relationship, coupled with the age of the child alone, is not sufficient to establish the presence of constructive force. Consequently, the inquiry in this case indicates that the appellant's guilty pleas to forcible sodomy were accepted by the military judge based on an incorrect legal principle.[6] The military judge was required to elicit some factual basis for the constructive force doctrine in which the appellant exerted a moral, psychological, or intellectual force over his stepdaughters. In addition, the appellant's statements in his confession regarding the possible lack of force used to commit his crime illustrate his lack of understanding of the concept of constructive force.

### Conclusion

In view of the above, we find the appellant's guilty pleas to rape and to forcible sodomy with children under the age of 16 improvident. We do, however, find the record sufficient to affirm guilty findings to the offenses of carnal knowledge and of sodomy with children under the age of 16.[7]

### Present Position of the Military Judge

This case involves an issue unrelated to the providence inquiry and not raised by the appellant. The military judge in this case presently serves as the Assistant Judge Advocate General (AJAG) for Military Law. In this capacity, the incumbent of this billet has historically provided input on the reports of fitness of the judges of this Court. Thus, we are in the position of reviewing the work of an officer who could influence our evaluations and future assignments.

The U.S. Court of Military Appeals has recently expressed some reservations concerning this matter. *United States v. Mitchell*, 39 M.J. 131, 145 n. 8 (C.M.A.1994). However, we have been advised that this officer

---

**6.** We have considered that the appellant stated that these acts were "involuntary." However, we also view this as a legal conclusion without any factual basis in the record.

**7.** We note that the maximum punishment for forcible sodomy and sodomy with a child under the age of 16 is the same. The Government chose to allege both aggravating features, but the providence inquiry in this case supports only the latter offense.

will not be involved in providing any input for this year's fitness reports. Because of this action, we conclude that we need not disqualify ourselves from this case.

Assignments of error II and III are without merit. *Weiss v. United States,* —— U.S. ——, 114 S.Ct. 752, 127 L.Ed.2d 1 (1994).

### Disposition

Accordingly, as to the Specification under Charge I, we set aside the finding of guilty to rape and affirm only so much of the finding of guilty as includes the offense of carnal knowledge. As for Specifications 1 and 2 of Charge II, we set aside the findings of guilty to the words "by force and without the consent of the said [E]" in Specification 1 and "by force and without the consent of the said [K]" in Specification 2. The remaining findings of guilty are affirmed.

Applying the principles of *United States v. Peoples,* 29 M.J. 426 (C.M.A.1990) and *United States v. Sales,* 22 M.J. 305 (C.M.A.1986), we reassess and affirm only so much of the sentence as includes a dishonorable discharge, reduction to pay grade E–1, confinement for 15 years (with confinement in excess of 5 years suspended), and forfeiture of all pay and allowances (with forfeiture of pay in excess of $400.00 pay per month suspended for 5 years from the date of the convening authority's action).

The court-martial order incorrectly names [K] as the victim in specification 1 of Charge III when it should have named [E]. A corrected court-martial order is directed.

Senior Judge REED and Judge LAWRENCE concur.