UNITED STATES, Appellee

v

GLEN C. TERRY, Radioman Seaman, U. S. Navy, Appellant

21 USCMA 442, 45 CMR 216

No. 24,882

June 2, 1972

*Lieutenant Richard N. Little, Jr.*, JAGC, USNR, argued the cause for Appellant, Accused.

*Lieutenant Steven C. Cross*, JAGC, USNR, argued the cause for Appellee, United States. With him on the brief was *Commander Michael F. Fasanaro, Jr.*, JAGC, USN.

## Opinion of the Court

DARDEN, Chief Judge:

On pleas of guilty the appellant stands convicted of possessing, selling, and transferring lysergic acid diethylamide (LSD). He now challenges the adequacy of the military judge's inquiry into the factual basis for his guilty pleas, as required by United States v Care, 18 USCMA 535, 40 CMR 247 (1969).

Under *Care*, the military judge must explain to an accused every element of the offenses charged, question him about his actions and intent, and advise him of the rights a guilty plea waives.

Before accepting the appellant's pleas in this case the military judge read aloud each specification in its entirety. The judge then recited the elements constituting these offenses. Terry assured the judge that he understood the meaning of the specifications and the elements. These responses satisfied the judge that no further development of the facts was needed to identify the plea with the offenses charged. He accepted the proffered guilty plea.[1]

[1] Terry was advised that he had the right to a trial of the facts and that his plea waived specified rights.

Appellate Government counsel maintain that the "ultimate standard" applied by all Federal courts is that the military judge's examination itself reveal, and sufficient evidence be otherwise available in the record to show, that Terry did in fact know what he was doing when entering his plea. Comparing United States v Wimberly, 20 USCMA 50, 42 CMR 242 (1970); United States v Kilgore, 21 USCMA 35, 44 CMR 89 (1971); and United States v Burton, 21 USCMA 112, 44 CMR 166 (1971), as well as other Federal decisions, they contend that this record shows more than minimal compliance with *Care*. We disagree.

We have declared that *Care* has the same providency inquiry objectives as do McCarthy v United States, 394 US 459, 22 L Ed 2d 418, 89 S Ct 1166 (1969), and Boykin v Alabama, 395 US 238, 23 L Ed 2d 274, 89 S Ct 1709 (1969). See United States v Burton, supra. Following these authorities, we announced the *Care* rule for courts-martial convened thirty days after the date of that decision. A part of the *Care* requirement is that the military judge in a guilty plea case must personally question an accused to develop information showing what the latter did or did not do and what he intended, where intent is pertinent. The aim is to make clear the basis for the military judge's determination that admitted acts or omissions constitute the offenses charged. Neither defense counsel's assurances nor general questions phrased to elicit only conclusions are enough to establish a factual basis for the plea.

In *Wimberly*, supra, we held the *Care* standards were met because the military judge employed an interrogation technique that related Wimberly personally to the criminal act charged. Following the exchange in that case, Wimberly admitted to the military judge that the elements the judge had itemized "accurately described" what he did. A stipulation of fact reinforced the showing in the *Wimberly* record that the murder to which Wimberly pleaded guilty was the same one with which he was charged.

We do not have the same assurance in this case. The record reveals nothing more than a recital of the elements of the offenses charged, followed by Terry's affirmative reply to the military judge's conclusion, "You are pleading guilty because you are, in fact, guilty?" Colloquies of this nature have never satisfied the demands of *Care*, for they fail to furnish a satisfactory factual development. Unlike *Wimberly*, this record contains no evidence of what happened beyond the accused's responses.

*Kilgore* and *Burton*, supra, are also distinguishable. In the former, the military judge closely questioned Kilgore on his participation in the action that constituted the offense charged. Since the military judge had explained " 'every technical element' " of the offenses, this Court agreed that the demands of *Care* were met. *Kilgore*, supra, at page 36.

In *Burton*, supra, the assigned error was that the judge failed to describe the rights a guilty plea waives. Again, this Court found the military judge's advice and questions adequate because we considered the asserted defects as being ones of technique and phraseology rather than substance.

Article III court decisions the Government cites do not convince us this inquiry was adequate. Some involve collateral attacks, where the burden of showing grounds for adequate relief rests on the petitioner.[2] One applies Boykin v Alabama, supra, only prospectively;[3] another does not relate the facts that are said to refute the petitioner's charge of inadequacy;[4] and another finds full development of the facts through the questioning of the judge

---

[2] Kress v United States, 411 F2d 16 (CA 8th Cir) (1969); United States ex rel Ferguson v Deegan, 323 F Supp 42 (SD NY) (1971).

[3] United States ex rel Ferguson v Deegan, supra.

[4] Biggs v United States, 318 F Supp 212 (ND Fla) (1970).

and the Assistant United States Attorney combined.[5]

The *Care* opinion gave notice that questions in the future asking whether the accused realized a guilty plea admits " 'every element charged and every act or omission alleged' " (*Id.,* at page 541) would not satisfy the new requirements. When we described the inquiry in *Wimberly* as "marginal," we did not intend to approve a judge's doing no more than to read the specifications to an accused and to ask if they described what he did. Since the inquiry in this case is deficient in its development of the factual basis for the plea, we reverse the decision of the

United States Navy Court of Military Review and return the record of trial to the Judge Advocate General of the Navy. A rehearing may be ordered.

Judge DUNCAN concurs.

QUINN, Judge (dissenting):

In my opinion, the trial judge's enumeration of each factual allegation in each of the two specifications and the accused's personal acknowledgment that he understood each allegation, together with his final statement that he was pleading guilty because he was "in fact, guilty," were sufficient to satisfy the requirements of *Care*. I would, therefore, affirm the decision of the Court of Military Review.

[5] United States v Rawlins, 440 F2d 1043 (CA 8th Cir) (1971).