UNITED STATES, Appellee,

v.

Sergeant (E–5) Arthur J. MARBURY, SSN 424–62–1579, United States Army, Appellant.

CM 436261.

U. S. Army Court of Military Review.

10 Feb. 1978.

---

Colonel Robert B. Clarke, JAGC, Major Benjamin A. Sims, JAGC, Captain Demmon F. Canner, JAGC, and Captain Maurice D. Healy, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, Captain Lee D. Schinasi, JAGC, and Captain James W. Hewitt, Jr., JAGC, were on the pleadings for appellee.

Before FULTON, MOUNTS and TALIAFERRO, Appellate Military Judges.

## OPINION OF THE COURT

FULTON, Senior Judge:

Pleading guilty to four drug offenses in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934, the appellant was sentenced to a bad-conduct discharge, confinement at hard labor for 18 months, forfeiture of $270.00 monthly for the same period, and reduction to pay grade E–1. The convening authority approved the sentence, but suspended for 13 months the periods for confinement and forfeiture in excess of 13 months.

Specifically, the appellant was charged with transferring .09 of a gram of heroin on 1 March 1977, and also possessing .12 of a gram of heroin and .75 of a gram of marijuana on that same date (Specifications 1, 2, and 4 of the Charge). The .12 of a gram of heroin included the .09 of a gram transferred plus .03 of a gram found in a leather pouch with the marijuana. He also was charged with possessing .03 of a gram of morphine on the following day, 2 March 1977 (Specification 3 of the charge). The offenses of 1 March occurred at Fliegerhorst Kaserne and the offense of 2 March occurred at Pioneer Kaserne, both being American military installations in the vicinity of Hanau, Federal Republic of Germany.

The appellant challenges the providency of his guilty plea on the separate grounds that the trial judge's inquiry as to providency was inadequate and that he (appellant) mistakenly believed that the maximum punishment included some six or eight years' confinement rather than four as announced by the judge. He also contends that Specification 3 is in fact multiplicious with the others for sentencing purposes so that the maximum confinement imposable was in reality only two years, not four. Finally, he contends that, because his trial did not begin until 106 days after initial incarceration, the charges should be dismissed under the rule of *United States v. Burton,* 21 U.S.C.M.A. 112, 44 C.M.R. 166 (1971). We will discuss this latter assigned error first.

### I

No question as to denial of a speedy trial was raised at the trial. As a result we do not know whether charging 57 days of the delay to the defense (so indicated by the

chronology on the inside cover of the record) was proper [1] and we do not know whether the appellant was confined within the meaning of *Burton* continuously until the date of trial.[2] We find, however, no hint of any injustice that would warrant our disregarding the failure to raise the speedy trial issue at the trial. Accordingly, by failing to do so, the defense waived the issue. *United States v. Sloan,* 22 U.S.C. M.A. 587, 48 C.M.R. 211 (1974); *United States v. Scarborough,* 49 C.M.R. 580 (A.C. M.R.1974); *see United States v. Craft,* 50 C.M.R. 334 (A.C.M.R.1975).

## II

We are satisfied that the trial judge's inquiry into the providency of the guilty plea was sufficient. He did more than merely ascertain that the appellant understood the specifications and each element of the offenses. *Cf. United States v. Terry,* 21 U.S.C.M.A. 442, 45 C.M.R. 216 (1972); *United States v. Taylor,* 46 C.M.R. 461 (A.C.M.R.1972). Using the stipulation, which added some factual detail to the information in the specifications, he related the appellant personally to the offenses, examining the latter's actions, knowledge, and intent. *See United States v. Wimberly,* 20 U.S.C.M.A. 50, 42 C.M.R. 242 (1970). His inquiry met the standards required by *United States v. Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969).[3]

---

1. Specifically as to the delay, we cannot determine whether the appellant's request for administrative discharge on a preprinted form that included a request for delay was filed on the date it bears, 10 March 1977, or on some later date. An individually typed letter from the appellant to the convening authority also requested discharge and was dated 10 March, but the date of the original in the record has been altered to read 16 April without any accompanying explanation. The earliest date of any correspondence forwarding the request or requests for discharge is 18 April. However, even if that be regarded as the beginning date of any defense delay, the 18 days that elapsed from then until the request was disapproved on 6 May would reduce the Government's accountable period to less than 90 days and the *Burton* presumption would not apply.

2. In a post-trial affidavit the appellant indicates that he was confined from 1 March until 6 April 1977 and that he was thereafter restricted

## III

The appellant's contention that Specification 3 (possessing morphine on 2 March) was multiplicious with the others (possessing marijuana and heroin on 1 March, and transferring the heroin), and consequently that the maximum confinement was for a term of only two years, rests upon information not contained in the record of trial. The record (providency inquiry and stipulation) merely shows that the appellant possessed a different drug (the morphine), at another kaserne, on a later day, and that the drug had been inside a hat instead of in a pouch where the other drugs were found. The appellant would have us deduce from facts brought out at the Article 32 Investigation[4] that he concurrently possessed all three drugs in his barracks room when it was searched on 1 March and that the morphine either was overlooked in a search of his person incident to being placed in a detention cell or later brought with a change of clothing from the barracks room. In either event, the morphine was discovered when it fell, or the appellant dropped it, to the floor in a latrine where the appellant was about to change clothes before being moved to a stockade.

Appellate counsel for the Government moved to strike those portions of the appellant's brief referring to matters outside the

to Fliegerhorst Kaserne and required to be in his barracks from 2200 to 0530 hours each night, but that otherwise he could visit all of the usual facilities on the kaserne (viz.: "the post chapel, the mess hall, the PX, Foodland, Service Club and snack bar") except the specific areas assigned to other batteries in his field artillery battalion. Such a restriction is not necessarily so onerous as to constitute confinement for purposes of the *Burton* rule. *Cf. United States v. Schilf,* 24 U.S.C.M.A. 67, 51 C.M.R. 196, 1 M.J. 251 (1976).

3. No error has been asserted concerning the trial judge's plea bargain inquiry, which was a model of strict compliance with the requirements of *United States v. Green,* 24 U.S.C.M.A. 299, 52 C.M.R. 10, 1 M.J. 453 (1976).

4. Article 32, Uniform Code of Military Justice, 10 U.S.C. § 832 (1970 ed.).

record of trial. We denied the motion so that we could resolve in the light of all the issues raised whether there was any basis for considering evidence adduced at the Article 32 Investigation or any other matter from outside the record.

■ We need not definitively reach the question presented by the Government's motion and the appellant's opposition, however. Even the facts that appellant wants us to notice do not make out a case of multiplicity. The facts are materially different from those involved in *United States v. Hughes*, 24 U.S.C.M.A. 169, 51 C.M.R. 388, 1 M.J. 346 (1976), involving several different drugs found simultaneously in various places in an accused's residence during one search. Assuming the coincidence of the drugs having once been colocated in the appellant's barracks room, the continued possession of one of them (after the other drugs were seized) a day later at another place clearly is a separate offense warranting separate punishment.

### IV

■ Even if the maximum confinement was four years (as a consequence of our holding above) argues the appellant, his negotiated guilty plea nevertheless was improvident because he believed that he faced a maximum of some six or eight years. When asked by the military judge how many years in jail he thought he was facing when he negotiated the agreement, the appellant replied, "Four years, sir." His professed belief that the maximum was six to eight years is revealed by a post-trial affidavit we received over Government objection.[5] Here, too, adopting the appellant's post-trial version for the purposes of discussion, his guilty plea was not improvident. In our view, the misunderstanding as to the maximum punishment was not so substantial as to render the plea improvident. *See United States v. Montiel*, 3 M.J. 873 (A.C.M. R.1977); *cf. United States v. Harden*, 24 U.S.C.M.A. 76, 51 C.M.R. 249, 1 M.J. 258 (1976).

The Court having found the approved findings of guilty and the sentence correct in law and fact and having determined on the basis of the entire record that they should be approved, such findings of guilty and the sentence are affirmed.

Judge MOUNTS and Judge TALIAFERRO concur.

5. We are quite prepared to believe that appellant's trial response of "four years" was the result of coaching by his counsel. The appellant indicates so in his affidavit and, only a few moments earlier, the judge had admonished counsel to stop prompting his client since the purpose of the inquiry was to determine what the client understood, not what counsel understood. A better prepared record would have reflected the conferring of attorney with client during the providency inquiry.