UNITED STATES

v.

Travis A. HUDGENS, Fireman
Apprentice (E–2), U.S.
Navy.

NMCM 200000405.

U.S. Navy–Marine Corps Court
of Criminal Appeals.

Sentence Adjudged 16 Aug. 1999.

Decided 10 April 2001.

CAPT Don L. Davidson, JAGC, USNR,
Appellate Defense Counsel.

CDR R.W. Bagley, JAGC, USN, Appellate
Defense Counsel.

LT James E. Grimes, JAGC, USNR, Appellate Government Counsel.

Before LEO, Chief Judge, ANDERSON,
Senior Judge, and NAUGLE, Appellate
Military Judge.

LEO, Chief Judge:

In accordance with his pleas, the appellant was convicted before a military judge sitting as a special court-martial of failing to obey a lawful order, reckless and drunken driving, and wrongfully fleeing the scene of an accident, in violation of Articles 92, 111, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 911, and 934. He was awarded a bad-conduct discharge, confinement for 90 days, and reduction to pay grade E–1. Pursuant to the pretrial agreement, the conven-

ing authority approved the sentence, but suspended all confinement in excess of 80 days for a period of 80 days from the date of trial.

## I.

We have examined the record of trial, the assignments of error, and the Government's response. The appellant contends that the military judge erred by accepting his guilty plea to Specification 2 of Charge I, alleging the failure to obey a lawful order. We agree.

The specification in question charged that, on 6 February 1999, the appellant knowingly failed to obey a written order issued by the Commanding Officer, Naval Station Mayport, to wit: Naval Station Mayport Instruction 5560.2N, Change 2, of 3 November 1995 [base traffic instruction], by "wrongfully operating a motor vehicle on Naval Station Mayport without a valid driver's license." Charge Sheet at 1. Prior to advising the appellant of the elements of the offense, the military judge admitted Prosecution Exhibit 1, which was a stipulation of fact describing all of the offenses for which guilty pleas had been entered. In paragraph 2 of the stipulation, the appellant admitted, among other things, knowing that "he didn't have a valid driver's license from any state in the United States" on the day of the offense. Prosecution Exhibit 1 at 1. Appended to the stipulation was a copy of the base traffic instruction, which stated that "[o]nly state licensed drivers may operate motor vehicles or motorcycles aboard the Station." Prosecution Exhibit 1, Appendix A at 5.

The military judge proceeded to advise the appellant of the elements of the offense under Article 92, UCMJ, 10 U.S.C. § 892. During the providence inquiry, however, the appellant asserted that he did, in fact, have a valid Illinois driver's license at the time, but simply did not have it in his possession while driving on the base on 6 February. At that point, the military judge stopped the inquiry and ordered a short recess. When the trial resumed, the military judge continued with his inquiry, during which the appellant admitted that the base traffic instruction required that he have a valid driver's license *in his possession* while driving on base because it was required by Florida law. The perti-

nent portions of the inquiry are provided below:

MJ: Okay. So, [the base traffic instruction] directs you to obey Florida law in this respect and Florida law requires you to have your driver's license with you at all times?

ACC: Yes, sir.

MJ: Okay. How do you know that?

ACC: It was brought up by Lieutenant Keith.

. . . .

MJ: So, you are satisfied that Florida law required you to have your driver's license with you at all times?

ACC: Yes, sir.

. . . .

MJ: Okay. So, when you drove aboard the base and you didn't have your driver's license with you, you violated the Florida law[,] but in doing so you violated this Mayport Instruction. Is that right?

ACC: Yes, sir.

. . . .

MJ: Did you know about the order?

ACC: Yes, sir.

MJ: And you knew that you had a duty to obey that order. Is that right?

ACC: Yes, sir.

Record at 28–29.

The applicable provision in the base traffic instruction addresses Florida law as follows: "Except as modified by posted signs and promulgated in this instruction, vehicle operators driving aboard the Station will follow the State of Florida rules of the road and traffic statutes." Prosecution Exhibit 1, Appendix A at 3, ¶ 8. *Without any further inquiry into the specific Florida traffic statute that the appellant supposedly violated, the military judge accepted his plea and found him guilty of violating Article 92, UCMJ, as charged.*

 The standard of review for a guilty plea challenged on appeal is whether the record reveals a substantial basis in law and fact to question the plea. *United States v. Prater*, 32 M.J. 433, 436 (C.M.A.1991). The rejection of a guilty plea must overcome the

notion that the plea waives any objection as to the factual issue of guilt concerning the offense in question. RULE FOR COURTS MARTIAL 910(j), MANUAL FOR COURTS MARTIAL, UNITED STATES (1998 ed.). The only exception to the general rule of waiver is when an error prejudicial to the substantial rights of an accused occurs. Art. 59(a), UCMJ, 10 U.S.C. § 859(a).

 Before accepting a guilty plea, the military judge must explain the elements of the offense and ensure that a factual basis for the plea exists. *United States v. Faircloth*, 45 M.J. 172, 174 (1996); *United States v. Davenport*, 9 M.J. 364, 367 (C.M.A.1980). Mere conclusions of law recited by the accused are insufficient to provide the requisite basis in fact. *United States v. Outhier*, 45 M.J. 326, 331 (1996)(citing *United States v. Terry*, 21 C.M.A. 442, 45 C.M.R. 216, 1972 WL 14158 (1972)). In short, "the accused must be convinced of, and able to describe all the facts necessary to establish guilt." R.C.M. 910(e), Discussion.

 In reviewing the record, it was apparent that there was a material inconsistency between the appellant's testimony in the providence inquiry, the stipulation of fact, and the specification itself. As a result, the military judge, with the apparent concurrence of counsel, attempted to save the guilty plea by proceeding on an alternative theory, which was that the Florida motor vehicle statutes were incorporated into the base traffic instruction; therefore, by violating one of these statutes while driving on base, the appellant violated the base traffic instruction itself. Assuming, without deciding, that a military order can be violated in this fashion as a matter of law, we believe the offense should have been handled in the same manner as a local statutory offense charged under Article 134(3), UCMJ, 10 U.S.C. § 934(3), through the Federal Assimilated Crimes Act, 18 U.S.C. § 13. When an accused is charged with violating a state statute, the elements of the statute must be alleged, expressly or by necessary implication, in the specification, and the statute should be identified. MANUAL FOR COURTS MARTIAL, UNITED STATES (1998 ed.), Part IV, ¶ 60c(6)(b). If the accused elects to plead guilty to the charge, he must then be advised of the elements of the statute and, in return, be able to provide sufficient facts to support those elements. *United States v. Care*, 18 C.M.A. 535, 541, 40 C.M.R. 247, 253, 1969 WL 6059 (1969).

In taking judicial notice of Florida Statute § 322.15, we note that the applicable provisions of the statute state:

(1) Every licensee shall have his or her driver's license, ... in his or her immediate possession at all times when operating a motor vehicle and shall display the same upon the demand of a law enforcement officer or an authorized representative of the department.

. . . .

(4) A violation of subsection (1) is a noncriminal traffic infraction,[1] punishable as a nonmoving violation as provided in chapter 318.[2]

 Therefore, to comply with this statute, an individual must (1) have his driver's license in his possession at all times while operating a vehicle within the State *and* (2) present the license to a law enforcement officer or an authorized representative of the department upon demand. Article 134(3), UCMJ, also requires proof that the offense

---

1. We also reserve for another day the issue of whether a traffic infraction that is "noncriminal" under state law can be prosecuted under the UCMJ as a military orders violation. *Compare United States v. Rowe*, 13 C.M.A. 302, 308, 32 C.M.R. 302, 308, 1962 WL 4491 (1962)(violation of state statute by itself does not constitute violation of Art. 134, UCMJ) *with United States v. White*, 39 M.J. 796, 805–06 (N.M.C.M.R.1994) (violation of state "open container" law could be tried under Art. 134, UCMJ, even though state law characterized infraction as a violation and not a crime).

2. When a state statute is assimilated, its penalty is also assimilated and the latter becomes the federal penalty for purposes of comparison with the penalty provided for a like crime, if any, in the U.S. Code. The lesser of the two then becomes the maximum punishment for court-martial purposes. *United States v. Picotte*, 12 C.M.A. 196, 200, 30 C.M.R. 196, 200, 1961 WL 4422 (1961). Florida Statute § 318.18(2)(b) assesses a civil penalty of $30.00 for a violation of Florida Statute § 322.15(1).

occurred in an area of exclusive or concurrent federal jurisdiction. MCM, Part IV, ¶ 60c(4)(c)(ii). Although the appellant admitted that he did not have his Illinois driver's license in his possession, there was no admission that he, in fact, failed to produce his driver's license upon a proper demand. This element of the offense was simply not addressed in the providence inquiry, nor was the issue of the naval base's jurisdictional status. In short, the military judge erred in accepting the appellant's guilty plea to Specification 2 of Charge I by failing to properly advise the appellant of the elements of the offense and to elicit the necessary facts to support those elements. Accordingly, we find merit in this assignment of error and will take corrective action in our decretal paragraph.

## II.

The appellant next contends that the convening authority's action erroneously attempted to suspend confinement in excess of 80 days, which had already run by operation of law. We agree. Since the suspension of this confinement by the convening authority was a nullity, the appellant was not prejudiced. Hence, remedial action is not re-

---

**3.** Specification 1 of Charge I was withdrawn at

quired. *United States v. Wheelus,* 49 M.J. 283, 289 (1998).

## III.

The three remaining assignments of error have been reviewed and are without merit. Accordingly, we set aside and dismiss the findings of guilty as to Charge I and Specification 2 thereunder and affirm the remaining findings of guilty.[3] Upon reassessing the sentence, we find it to be both appropriate and free of any possible prejudice caused by the military judge's acceptance of an improvident guilty plea. *United States v. Cook,* 48 M.J. 434, 438 (1998); *United States v. Sales,* 22 M.J. 305, 307–08 (C.M.A.1986).

We, therefore, affirm the adjudged sentence, as approved on review below.

Senior Judge ANDERSON and Judge NAUGLE concur.