*243 CRAWFORD, Chief Judge
(dissenting):
As noted by Senior Judge Sullivan, with whom I agree, the majority engages in a curious appellate practice by disposing of this case based on an issue that was not raised or briefed by either of the parties. Further, the majority’s holding is a ground-breaking opinion in that it constitutes a radical departure from over three decades of guilty plea jurisprudence in the military justice system. Finally, the majority’s view is inconsistent with our prior case law, RCM 910, Manual for Courts-Martial, United States (2000 ed.), and United States v. Vonn, 535 U.S. -, -, 122 S.Ct. 1043, 1052-53, 152 L.Ed.2d 90 (2002). For all of the above procedural and substantive reasons, I must respectfully dissent.
Procedurally, the majority has decided this case based upon an allegedly incomplete providence inquiry concerning whether appellant’s conduct was prejudicial to good order and discipline or service discrediting, an issue that was not raised or briefed before either our Court or the court below. Essentially, the majority has specified and decided an issue without allowing the parties the opportunity to be heard on that issue. Following good appellate practice, we should return the case to the Judge Advocate General of the Navy. He can then decide whether to dismiss Specification 5 of Charge III and remand the case to the Court of Criminal Appeals for sentence reassessment, or to return the case to the Court of Criminal Appeals for that court to determine whether there was an adequate providence inquiry concerning whether appellant’s conduct was prejudicial to good order and discipline or service discrediting. At a minimum, the majority should formally specify the issue, order briefs from the parties, and preserve the option for additional oral argument before the Court, as we recently ordered in United States v. Baker, 56 MJ 165 (2001).
As to the substance of the majority’s opinion, they cite no case where this Court has required more than an admission from an accused that his or her conduct was prejudicial to good order and discipline or service discrediting.[1] This is not a case in which appellant argues that his conduct was not prejudicial to good order and discipline or service discrediting. Indeed, it is just the opposite. If appellant wanted to contest whether his conduct was prejudicial to good order and discipline or service discrediting, he had that opportunity by entering a plea of not guilty.
In guilty plea jurisprudence, our Court now stands alone, and out of step with our own as well as other federal, court precedents. For more than three decades, we have ordered military judges to inquire into the factual basis of guilty pleas,[2] in order to achieve the objectives of McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), and Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)—to ensure that any guilty plea is both knowing and voluntary. See RCM 910, supra; Vonn, supra; United States v. Seybold, 979 F.2d 582, 586-89 (7th Cir.1992). A mere reading of the elements of the offense, accompanied by a bare-bones response from an accused that he understands those elements, is not sufficient to establish a knowing, voluntary plea. See United States v. Terry, 21 USCMA 442, 45 CMR 216 (1972).
In determining the legitimacy of a guilty plea, we have required a discussion of the facts underlying the criminal accusation. We have never required military judges to perform an in-depth inquiry concerning the meaning of “service discrediting” or conduct “prejudicial to good order and discipline in the military.” In fact, one could say the opposite is true. See United States v. Sweet, 42 MJ 183 (1995). Contrary to the majority’s assertion, there was much more to this providence inquiry than the military judge expounding “legal conclusions with which appellant was asked to agree without any admissions from him to support them.” 57 MJ at 239.
The impact of the majority’s opinion is to place an unnecessary burden on the military *244 justice system. In light of this Court’s apparent rejection of three decades of its own precedents and other federal court decisions, future providence inquiries should now be accompanied by detailed stipulations of fact, or when such are not forthcoming, inquiries by military judges that chronicle on the record the manner in which an accused’s conduct violates Articles 134 and satisfies the majority’s new providence inquiry standard. Practitioners will certainly be justified in questioning the appropriateness and wisdom of the majority judicially mandating so significant a change to guilty plea jurisprudence.
Because there is no substantial basis in law and fact for questioning this knowing, voluntary guilty plea, see United States v. Prater, 32 MJ 433, 436 (CMA 1991), I respectfully dissent.

. See United States v. Key, 57 MJ 246 n. * (2002)(Crawford, C.J., concurring in the result).

. See United States v. Care, 18 USCMA 535, 40 CMR 247 (1969).