UNITED STATES

v.

**Devin J. FREITAS, Private (E–1), U.S. Marine Corps.**

NMCCA 200301237.

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 25 June 2002.

Decided 27 Feb. 2004.

LT M. Eric Eversole, JAGC, USNR, Appellate Defense Counsel.

LT Frank L. Gatto, JAGC, USNR, Appellate Government Counsel.

Before PRICE, Senior Judge, SUSZAN, and HARRIS, Appellate Military Judges.

HARRIS, Judge:

The appellant was tried by a special court-martial composed of a military judge alone. Pursuant to his pleas, the appellant was convicted of failing to go to his appointed place of duty, two specifications of making a false official statement, wrongfully using marijuana, and wrongfully possessing a firearm between December 1999 and May 2001 in or affecting interstate commerce as an unlawful user of a controlled substance, in violation of Articles 86, 107, 112a, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 907, 912a, and 934, and 18 U.S.C. § 922(g)(3). On 25 June 2002, the appellant was sentenced to confinement for 125 days, forfeiture of $700.00 pay per month for 4 months, and a bad-conduct discharge. On 16 May 2003, the convening authority approved the adjudged sentence and, pursuant to a pretrial agreement, suspended confinement in excess of 75 days for 6 months.

After carefully considering the record of trial, submitted without assignment of error, this court, in light of *United States v. Herrera*, 313 F.3d 882 (5th Cir.2002),[1] *cert. denied*, 537 U.S. 1242, 123 S.Ct. 1375, 155 L.Ed.2d 213 (2003), specified five issues. One of those specified issues concerned whether the appellant's plea of guilty to Specification 2 of Charge IV was provident.

After again considering the record of trial, the appellant's brief on the specified issues,

---

1. Decided subsequent to the appellant's trial.

his supplemental assignment of error,[2] and the Government's response, we find that the appellant's plea to possessing a firearm in or affecting interstate commerce as an "unlawful user" of a controlled substance was deficient. The facts do not qualify him as an "unlawful user" of a controlled substance while in the possession of a firearm in or affecting interstate commerce. We shall take corrective action in our decretal paragraph.

## Background

During the first quarter of 2001, the appellant was assigned to Marine Aircraft Group 49, located at Naval Air Station/Joint Reserve Base Willow Grove, Pennsylvania, and maintained an off-base residence with another Marine in Doylestown, Pennsylvania. In mid-February 2001, the appellant drove to his home in Fredonia, New York, for the funeral of his best friend, who had committed suicide. While home, the appellant purchased a twenty-year-old unregistered 25-caliber semi-automatic handgun for $40.00, and transported it back to his off-base residence. The appellant kept the loaded handgun in plain view on a dresser in his bedroom.

On 26 March 2001, the appellant, while purportedly still grieving over the loss of his best friend, procured and smoked marijuana at his off-base residence. On 9 April 2001, a urinalysis disclosed the appellant's recent use of marijuana. On 4 May 2001, a Marine, Lance Corporal (LCpl) H, visiting the appellant at his off-base residence, used the handgun, and committed suicide on the appellant's front porch. The weapon was seized thereafter.

Purportedly depressed over LCpl H's suicide, the appellant again procured and smoked marijuana at his off-base residence. On 24 May 2001, another urinalysis disclosed this use; and, on 4 August 2001, the appellant's commanding officer referred charges for both wrongful uses of marijuana to a special court-martial. On 7 November 2001, pursuant to a pretrial agreement, the appellant pled guilty to both specifications of wrongful use of marijuana. Shortly thereaf-

ter, on 14 November 2001, the appellant again tested positive for wrongful use of marijuana.

Evidence of the appellant's 7 November 2001 non-bad-conduct discharge special court-martial conviction, Prosecution Exhibit 2, was admitted in aggravation by the military judge at the appellant's current special court-martial. During the appellant's providence inquiry into the current charge of violating 18 U.S.C. § 922(g)(3) from December 1999 to May 2001, the military judge considered Prosecution Exhibit 1, a stipulation of fact, which addressed both violations of wrongful use of marijuana that occurred on or about 26 March 2001 and 24 May 2001, as evidence in support of the appellant's statements that he was an "unlawful user" of a controlled substance while in possession of a firearm in or affecting interstate commerce.

## "Unlawful User" Of A Controlled Substance While In Possession Of Firearm In Or Affecting Interstate Commerce

In response to this court's order specifying five issues, the appellant asserts that the military judge failed to elicit facts necessary to establish beyond a reasonable doubt that he was an "unlawful user" of a controlled substance while in possession of a firearm in or affecting interstate commerce. The appellant avers that this court should set aside the findings of guilty to Specification 2 of Charge IV and reassess the sentence so that it does not include a bad-conduct discharge. We agree only that the findings of guilty to Specification 2 of Charge IV must be set aside and that reassessment of the sentence is required.

▮▮▮ Guilty pleas require a sufficient factual basis to be provident. *United States v. Care,* 40 C.M.R. 247, 1969 WL 6059 (C.M.A. 1969); RULE FOR COURTS-MARTIAL 910(e), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2002 ed.). Before accepting a guilty plea, the military judge must explain the elements of the offense and ensure that a factual basis for the plea exists. *United States v. Faircloth,* 45 M.J. 172, 174 (C.A.A.F.1996). It is not sufficient for the accused to merely recite

---

**2.** That the application of 18 U.S.C. § 922(g)(3) to

the facts of his case is unconstitutionally vague.

conclusions of law. *United States v. Outhier,* 45 M.J. 326, 331 (C.A.A.F.1996)(citing *United States v. Terry,* 45 C.M.R. 216, 1972 WL 14158 (C.M.A.1972)). "Neither [trial] defense counsel's assurances nor general questions phrased to elicit only conclusions are enough to establish a factual basis for the plea." *Terry,* 45 C.M.R. at 217; *see also United States v. Dunning,* 40 M.J. 641, 645 (N.M.C.M.R.1994). Ultimately, not only must the accused subjectively believe in his guilt, objective evidence of his guilt must also exist. *United States v. Davenport,* 9 M.J. 364, 367 (C.M.A.1980).

■ Pursuant to 18 U.S.C. § 922(g)(3), it is unlawful for any person who is an "unlawful user" of or "addicted"[3] to a controlled substance to possess or receive a firearm where the required interstate commerce nexus is established. *See United States v. Valiant,* 873 F.2d 205, 207 (8th Cir.1989), *cert. denied,* 493 U.S. 837, 110 S.Ct. 117, 107 L.Ed.2d 78 (1989). Also, the Government need not prove that the appellant was actually using an illegal substance at the precise moment he possessed the firearm. Rather, the plain language of 18 U.S.C. § 922(g)(3) requires that the Government only prove that the appellant was an "unlawful user" during the time he possessed the firearm. *United States v. McIntosh,* 23 F.3d 1454, 1458 (8th Cir.1994), *cert. denied,* 513 U.S. 935, 115 S.Ct. 333, 130 L.Ed.2d 291 (1994).

In *United States v. Herrera,* 289 F.3d 311, 323–24 (5th Cir.2002), *rev'd en banc on other grounds,* 313 F.3d 882 (5th Cir.2002), the court interpreted "unlawful user," holding that:

> [A]n unlawful user is one who uses narcotics so frequently and in such quantities as to lose the power of self control and thereby pose a danger to the public morals, health, safety, or welfare. In other words, an unlawful user is someone whose use of narcotics falls just short of addiction, as that term is defined by the Controlled Substances Act. This reading of the term is consistent with the language of the legislative his-

tory as well as holdings of our sister circuits. (Citations omitted).

In the context of a guilty plea for violating 18 U.S.C. § 922(g)(3), as charged in Specification 2 of Charge IV, the inquiry under *Care* requires a factual basis that the appellant was an "unlawful user" of a controlled substance while in possession of a firearm in or affecting interstate commerce. Although Congress does not define "unlawful user" in 21 U.S.C. § 801, federal courts have interpreted the term to mean that "the defendant took drugs with regularity, over an extended period of time, and contemporaneously with his purchase or possession of a firearm." *United States v. Purdy,* 264 F.3d 809, 813 (9th Cir.2001); *see Herrera,* 313 F.3d at 885 (considering the Government's concession that "drug use would have to be with regularity and over an extended period of time"); *see also United States v. Williams,* 216 F.Supp.2d 568, 570 (E.D.Va.2002).

The Fourth Circuit has emphasized that 18 U.S.C. § 922(g)(3) "does not forbid possession of a firearm *while unlawfully using* a controlled substance. Rather, the statute prohibits *unlawful users* of controlled substances (and those addicted to such substances) from possessing firearms." *United States v. Jackson,* 280 F.3d 403, 406 (4th Cir.2002)(emphasis in original), *cert. denied,* 536 U.S. 911, 122 S.Ct. 2372, 153 L.Ed.2d 191 (2002). This requires proof "that there was a pattern, and recency, of drug use by the defendant (i.e., *Jackson,* 280 F.3d at 406) or that the drug use was 'sufficiently consistent, prolonged, and close in time to [the appellant's] gun possession to put him on notice that he qualified as an unlawful user of drugs under the statute.'" *Williams,* 216 F.Supp.2d at 575 (internal quotation omitted).

Here, the record lacks an adequate factual basis to substantiate that the appellant was an "unlawful user." During the providence inquiry, the military judge elicited information from the appellant regarding only a single wrongful use of marijuana during his

---

**3.** The record is silent regarding whether the appellant was "addicted" to marijuana. Therefore, this court limits the scope of our discussion to 18 U.S.C. § 922(g)(3)'s application to an "unlawful user" and the facts of the appellant's case.

ownership of the handgun in question from mid-February 2001 until 4 May 2001. Record at 40–41;[4] Prosecution Exhibit 1 at 3, ¶ 6. This single use, however, does not make the appellant an "unlawful user" as defined by the federal courts. *See Williams*, 216 F.Supp.2d at 576 (granting motion for a judgment of acquittal on an 18 U.S.C. § 922(g)(3) charge where the Government only showed a single use); *Herrera*, 313 F.3d at 885 (acknowledging that the Government admitted that it "wouldn't charge one time use. It would have to be over a period of time."). As the court emphasized in *Williams*, "unlawful user" requires proof of a "pattern, and recency, of drug use" or drug use that is "sufficiently consistent, prolonged, and close in time to the gun possession." *Williams*, 216 F.Supp.2d at 575; *see Purdy*, 264 F.3d at 812–13; *see also Jackson*, 280 F.3d at 406 (stating that the district court reasonably applied 18 U.S.C. § 922(g)(3) when it dismissed a count where the Government failed to show "a pattern of use and recency of use"). As such, an insufficient factual basis exists to support the appellant's guilty plea to Specification 2 of Charge IV and it must be set aside. We shall take corrective action in our decretal paragraph, which renders moot the appellant's additional assignment of error that the application of 18 U.S.C. § 922(g)(3) to the facts of his case is unconstitutionally vague.

## Conclusion

The findings of guilty to Specification 2 of Charge IV are set aside. Charge IV is dismissed. We affirm the remaining findings. In accordance with *United States v. Cook*, 48 M.J. 434, 438 (C.A.A.F.1998)(citing *United States v. Sales*, 22 M.J. 305, 307 (C.M.A. 1986)), we reassess the sentence. We approve only so much of the sentence as provides for confinement for 90 days, forfeiture

of $700.00 pay per month for 3 months, and a bad-conduct discharge.

Senior Judge PRICE and Judge SUSZAN concur.

---

4. The appellant does not challenge the admissibility of his 7 November 2001 special court-martial conviction for marijuana use on 26 March 2001. The appellant admitted to the offense during his plea. Nor is it of consequence whether the appellant was an "unlawful user" prior to coming into possession of the handgun. As the Fourth Circuit Court of Appeals has stated, 18 U.S.C. § 922(g)(3) does "not forbid possession of a firearm *while unlawfully using* a controlled substance." *See Jackson*, 280 F.3d at 406 (emphasis in original); *see also United States v. Corona*, 849 F.2d 562, 567 (11th Cir.1988) (concluding the Government need not show defendant's use prior to the purchase of the weapon), *cert. denied*, 489 U.S. 1084, 109 S.Ct. 1542, 103 L.Ed.2d 846 (1989).