**UNITED STATES**

v.

**Jonathan D. SMITH, Airman
(E–3), U.S. Navy.**

**NMCCA 200301101.**

U.S. Navy–Marine Corps Court
of Criminal Appeals.

Sentence Adjudged 11 Oct. 2002.

Decided 17 Dec. 2004.

Lt Colin A. Kisor, JAGC, USNR, Appellate Defense Counsel.

Lt Frank L. Gatto, JAGC, USNR, Appellate Government Counsel.

Before PRICE, Senior Judge, SUSZAN, and HARRIS, Appellate Military Judges.

HARRIS, Judge:

A military judge, sitting as a special court-martial, convicted the appellant, pursuant to his pleas, of aggravated arson by maliciously setting fire to an inhabited dwelling, in violation of Article 126, Uniform Code of Military Justice, 10 U.S.C. § 926. The military judge sentenced the appellant to 12 months confinement, forfeiture of $737.00 pay per month for a period of 12 months, reduction to pay grade E–1, and a bad-conduct discharge. The convening authority approved the adjudged sentence and, except for the bad-conduct discharge, ordered it executed.

The appellant's sole assignment of error asserts that a berthing compartment which is designed to house personnel attached to an air wing when embarked on board an aircraft carrier does not constitute an "occupied dwelling" when the vessel is in the shipyard and the air wing is not embarked. After carefully considering the record of trial, the assignment of error, the Government's answer, the appellant's reply, and the appellant's motion to reject the Government's answer,[1] we conclude that the findings and the sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a) and 866(c).

---

1. The appellant's motion to reject the Government's answer complains that the Government, contrary to the rules of this court, impermissibly recast his sole assignment of error from factual and legal sufficiency to an attack on the providence inquiry. We find nothing in our rules that prevents the Government from providing the court with its own interpretation of an appellant's assignment of error. To require the Government to answer an assignment of error strictly within the confines of the question as presented by an appellant, regardless of whether he correctly identifies the issue, would be to stifle the very process this court was created to foster. We have therefore denied the appellant's motion to reject the Government's answer.

## Facts

The appellant's court-martial stemmed from an incident that occurred onboard the USS NIMITZ (CVN 68) on 10 August 2002. At the time, the NIMITZ was in the shipyard undergoing maintenance and repairs. While much of the crew remained in residence onboard the vessel, various berthing compartments were not in use. Those spaces not actually housing Sailors, Marines, or air wing personnel were being cleaned, painted, and otherwise readied for occupants.

The appellant, a member of the NIMITZ crew, having been routinely subjected to ridicule by other members of the crew, devised a plan in which he hoped to portray himself as a hero and thereby gain the respect of his shipmates. The appellant went to a then-unoccupied berthing compartment of the NIMITZ where he set fire to the paper contents of a plastic trash bag. The ship's air wing normally occupied the berthing compartment, but was not embarked while the ship was in the shipyard. The appellant intended to put the fire out and then report it in the hope of reaping praise from his superiors. Instead, the appellant's efforts to extinguish the blaze failed and the fire grew out of control.

The appellant eventually reported the fire and a fire suppression team was able to douse the flames. Despite the quick actions of the firefighters, the berthing compartment and several adjoining spaces suffered significant charring and smoke damage.

## Standard of Review

Before we examine the providence of the appellant's plea, we pause to address another issue raised by the appellant. Although not altogether clear from the appellant's brief, his subsequent motion to this court to reject the Government's answer makes clear that he challenges both the legal and factual sufficiency of his guilty plea to maliciously setting fire to an "inhabited dwelling," namely the aforementioned berthing compartment. Appellant's Brief of 27 Aug 2003 at 3 (quoting Art. 66(c), UCMJ ("This Court 'may affirm only such findings of guilty ... as it finds correct in law and fact....'")); Appellant's Motion to Reject the Government's Answer of 26 Feb 2004 at 1 (asserting that "the government improperly recast Appellant's assignment of error from factual and legal insufficiency....").

Instead of analyzing the appellant's guilty pleas in terms of factual and legal sufficiency of evidence, the Government approached this guilty-plea case as an attack on the sufficiency of the providence inquiry conducted by the military judge. Government's Answer of 23 Feb 2004 at 4 n. 1. Even though the parties differ as to the applicable standard of our review, they both agree that the central question is whether an aircraft carrier berthing compartment, which was not at the time in question housing servicemembers, qualifies as an "inhabited dwelling" for the purposes of an aggravated arson charge under Article 126, UCMJ, 10 U.S.C. § 926. As explained below, we hold that it does.

By statute, we are charged with determining both the legal and factual sufficiency of the evidence presented at trial. Art. 66(c), UCMJ; *United States v. Turner*, 25 M.J. 324 (C.M.A.1987). However, unless the appellant entered a conditional plea, which he did not, his plea of guilty waived any objection relating to factual issues of guilt. RULE FOR COURTS-MARTIAL 910(j), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2002 ed.). Because the appellant pleaded guilty, the question presented "must be analyzed in terms of providence of his plea, not sufficiency of the evidence." *United States v. Faircloth*, 45 M.J. 172, 174 (C.A.A.F.1996). Thus, the appellant erred in insisting that his guilty pleas be evaluated under a sufficiency of evidence standard.

■ Before accepting a guilty plea, the military judge must explain the elements of the offense and ensure that a factual basis for the plea exists. *United States v. Sims*, 57 M.J. 419, 421 (C.A.A.F.2002); *Faircloth*, 45 M.J. at 174; *United States v. Davenport*, 9 M.J. 364, 367 (C.M.A.1980). Mere conclusions of law recited by the accused are insufficient to provide the requisite basis in fact. *United States v. Outhier*, 45 M.J. 326, 331 (C.A.A.F.1996)(citing *United States v. Terry*, 45 C.M.R. 216, 1972 WL 14158 (C.M.A.1972)). In short, "the accused must be convinced of,

and able to describe all the facts necessary to establish guilt." R.C.M. 910(e), Discussion.

In analogous cases, where the appellant, on appeal, attacks the factual basis for the charged elements of the offense, our superior court has declared that:

> [I]n the guilty-plea context, the Government does not have to introduce evidence to prove the elements of the charged offense beyond a reasonable doubt; instead, there need only be "factual circumstances" on the record "which 'objectively' support" the guilty pleas. . . .

*United States v. James*, 55 M.J. 297, 300 (C.A.A.F.2001)(quoting *United States v. Shearer*, 44 M.J. 330, 334 (C.A.A.F.1996)). To "'determin[e] the providence of (an) appellant's pleas, it is uncontroverted that an appellate court must consider the entire record in a case.'" *United States v. Falk*, 50 M.J. 385, 389 (C.A.A.F.1999)(quoting *United States v. Johnson*, 42 M.J. 443, 445 (C.A.A.F. 1995)). The standard of review is whether the record reveals a substantial basis in law and fact to question the plea. *United States v. Prater*, 32 M.J. 433, 436 (C.M.A.1991).

### Aggravated Arson in Unoccupied Berthing Compartment

■ A servicemember commits the offense of aggravated arson by willfully and maliciously setting fire to an *inhabited dwelling* of a certain value belonging to a certain person. MANUAL FOR COURTS-MARTIAL, UNITED STATES (2002 ed.), Part IV, ¶ 52b(1)(a) (emphasis added). The President's explanation excludes a house that has never been occupied or which has been temporarily abandoned from the definition of an inhabited dwelling. *Id.* at ¶ 52c(2)(a).

The appellant argues that because the NIMITZ was in the shipyard, and personnel assigned to the ship's air wing did not occupy the compartment at issue, he was not guilty of setting fire to an inhabited dwelling. In response, the Government argues that Congress intended a broad definition of an inhabited dwelling and that the question turns on the intended use of the structure. The appellant concedes, and we agree, that setting fire to a berthing compartment in a naval vessel can satisfy the inhabited dwelling ele-

ment of aggravated arson. *See, e.g., United States v. Crutcher*, 49 M.J. 236, 237–39 (C.A.A.F.1998). By treating the compartment alleged in the specification as somehow separate from the remainder of the ship and noting the absence of occupants at the time of his offense, the appellant argues that his case is distinguishable. We reject the appellant's position.

Fulfilling our obligation to consider the entire record when testing the adequacy of a providence inquiry, *see United States v. Jordan*, 57 M.J. 236, 239 (C.A.A.F.2002), we find ample evidence that the compartment damaged in the fire regularly served as berthing for embarked air wing personnel, and was intended to once again fill that same role in the very near future. In fact, the spaces had recently been cleaned and painted in anticipation that the compartment would be occupied by the ship's air wing. We also find that NIMITZ crewmembers were present and working in other compartments of the ship. Finally, we hold that the temporary absence of personnel actually using the specific compartment on board the NIMITZ as a berthing space at the time of the fire does not render it an "uninhabited dwelling."

Under the explanation provided by President, the appellant can only succeed if the berthing space contained within the NIMITZ was "temporarily abandoned." MCM, Part IV, ¶ 52c(2). We find that the United States Government did not abandon any portion of the NIMITZ, a commissioned, in-service warship. The United States Government no more abandoned the berthing compartment contained within the NIMITZ than a homeowner abandons his residence when he takes an extended vacation or prefers to sleep in a hotel while his home is repainted.

Finally, looking to the legislative history of Article 126, UCMJ, we find that the committee primarily responsible for the UCMJ legislation in 1948 commented that its proposal with respect to the offense of arson " 'enlarge[d] [the traditional common-law definition of arson] to cover structures other than dwellings, in view of the fact that the essence of the offense is danger to human life.'" *United States v. Desha*, 23 M.J. 66, 68 (C.M.A.1986)(quoting Uniform Code of Mili-

tary Justice: Hearings on H.R. 2498 before a Subcomm. of the House Armed Services Comm., 81st Cong., 1st Sess. 1233 (1949)). Given the design and construction of naval vessels, there can be little doubt that the appellant's actions of setting a fire in a berthing compartment, albeit then unoccupied, presented a high risk of danger to Sailors and Marines in adjacent spaces by spreading to other areas of the vessel. The fact that a fire suppression team extinguished the blaze before it reached other parts of the ship in no way lessens the appellant's culpability.

Under these circumstances, the providence inquiry adequately resolved the issue of whether the berthing space in question was an inhabited dwelling. To ask more of the military judge in this case would improperly encourage future courts-martial to engage in the "mindless fishing expedition[s]" we have decried on numerous occasions. *United States v. Jackson,* 23 M.J. 650, 652 (N.M.C.M.R.1986). As such, we decline to grant relief.

### Conclusion

Accordingly, we affirm the findings and the sentence, as approved by the convening authority.

Senior Judge PRICE and Judge SUSZAN concur.