UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 TOZZI, HAM, and SIMS
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Private First Class JASON B. RIXEY
 United States Army, Appellant

 ARMY 20090934

 Headquarters, V Corps
 Christopher T. Fredrikson, Military Judge
 Lieutenant Colonel Ian G. Corey, Staff Judge Advocate

For Appellant: Captain Shay Stanford, JA; Captain Brent A. Goodwin, JA (on
brief).

For Appellee: Pursuant to A.C.C.A. Rule 15.2, no response filed.

 5 August 2010

 ----------------------------------
 SUMMARY DISPOSITION
 ----------------------------------

Per Curiam:

 A military judge sitting as a general court-martial, convicted
appellant, pursuant to his pleas, of one specification of failure to
repair, two specifications of the wrongful use of cocaine, one
specification of the wrongful distribution of cocaine, and one
specification of the wrongful download of eleven electronic files of child
pornography, in violation of Articles 86, 112a, and 134, 10 U.S.C. §§ 886,
912a, and 934, Uniform Code of Military Justice [hereinafter UCMJ]. The
military judge sentenced appellant to a bad conduct discharge, confinement
for twenty-seven months, forfeiture of all pay and allowances, and a
reduction to the grade of E-1. Pursuant to a pretrial agreement, the
convening authority approved only so much of the sentence to confinement as
provided for twelve months of confinement and otherwise approved the
adjudged sentence. This case is before us for review under Article 66,
UCMJ.

 Appellant submitted this case on its merits. We find an
inconsistency with appellant’s plea and the stipulation of fact with regard
to one of the charged images. We will take corrective action in our
decretal paragraph.
 BACKGROUND

 Appellant was charged with and pled guilty to, inter alia, the
wrongful download of eleven images of child pornography (ten photographic
images and one video file) in violation of Article 134, UCMJ. During the
plea inquiry, the military judge instructed appellant that to be guilty of
the offense of wrongful download of child pornography, appellant must have
downloaded a visual depiction where the minor is engaged in “sexually
explicit conduct.” The military judge defined “sexually explicit conduct”
as “actual or simulated sexual intercourse, including genital to genital,
oral to genital, anal to genital, or oral to anal, whether between persons
of the same or opposite sex.” The military judge continued, “[s]exually
explicit conduct also means actual or simulated bestiality, masturbation,
sadistic or masochistic abuse, or lascivious exhibition of the genitals or
pubic area of any person.” The military judge also defined “lascivious,”
as it relates to an exhibition of the genitals or pubic area.

 After appellant agreed that he understood the definition of “child
pornography,” the military judge then engaged in the following inquiry with
appellant:

 MJ: Did you view all eleven of the electronic files?

 ACC: Yes, sir.

 MJ: And are you certain all eleven of the electronic files
 contained child pornography as I described it?

 ACC: Yes, sir.

 MJ: Okay. Tell me why it meets the defining of sexually
 explicit conduct.

 ACC: The poses, sir, and the positions of the people in the
 photo. . . . They were in sexual positions, sir.

When appellant admitted he could not remember whether the electronic files
depicted “sexual intercourse or sexual acts,” the military judge re-read to
appellant the definition of sexually explicit conduct and then continued
the inquiry.

 MJ: I would like you to explain to me how or what part of that
 definition made those images constitute child pornography.

 ACC: Sir, they were naked in it with suggestive poses, sir.
 MJ: What do you mean by “suggestive poses?”

 ACC: Legs spread, certain positions, sir. . . . I could see
 genitals.

The accused then went on to explain how his conduct was prejudicial to good
order and discipline and service discrediting.

 The accused also entered into a stipulation of fact with the
government regarding his offenses. The stipulation of fact identified each
image that contained child pornography and noted “[t]he minors in [the]
images are engaged in sexually explicit conduct including, but not limited
to, sexual poses, simulated sexual intercourse including genital-genital,
oral-genital, masturbation, sadistic and masochistic abuse, and lascivious
exhibition of genitals, breasts, and pubic areas.” The stipulation of fact
also stipulated to the admissibility of Prosecution Exhibit (P.E.) 4,
“[t]he . . . ten (10) photographic images of child pornography . . .”[1]
The image reprinted on page four of P.E. 4 does not meet the definition of
child pornography because it does not depict sexually explicit conduct.
Specifically, this picture of a topless minor female on the beach clad only
in panties does not depict a “lascivious exhibition of the genitals or
pubic area of any person” as defined by the military judge.

 LAW AND DISCUSSION

 Though appellant admitted the eleven electronic files he downloaded
fit the definition of child pornography, one of the images reprinted in
P.E. 4 does not depict “sexually explicit conduct.” As a result, we have a
substantial basis in law to question appellant’s plea.

 It is well-settled law that a military judge may not accept a guilty
plea to an offense without inquiring into its factual basis. UCMJ art. 45;
United States v. Care, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969). Mere
conclusions of law are not sufficient to provide a factual basis for the
plea. United States v. Outhier, 45 M.J. 326, 331 (C.A.A.F. 1996) (citing
United States v. Terry, 21 U.S.C.M.A. 442, 443, 45 C.M.R. 216, 217 (1972)).
 The accused “must be convinced of, and able to describe all of the facts
necessary to establish guilt.” Rule for Courts-Martial [hereinafter
R.C.M.] 910(e) discussion. Acceptance of a guilty plea requires the
accused to substantiate the facts that objectively support his plea.
R.C.M. 910(e). See also United States v. Schwabauer, 37 M.J. 338, 341
(C.M.A. 1993). It is appropriate to rely on stipulations of fact to
establish a factual basis for a guilty plea. United States v. Aleman, 62
M.J. 281, 283 (C.A.A.F. 2006).

 The standard of review to determine whether a plea is provident is
whether the record reveals a substantial basis in law or fact for
questioning the plea. United States v. Inabinette, 66 M.J. 320, 322
(C.A.A.F. 2008). In considering the adequacy of guilty pleas, we consider
the entire record to determine whether the requirements of Article 45,
UCMJ, R.C.M. 910, and Care have been met. United States v. Jordan, 57 M.J.
236, 239 (C.A.A.F. 2002).

 Though appellant was charged with downloading child pornography in
violation of Article 134, UCMJ and not the federal statute, 18 U.S.C. §
2252A, the military judge defined and appellant indicated he understood the
definitions of “child pornography” and “sexually explicit conduct” as
defined by the federal statute. While nine of the images attached to the
record of trial as P.E. 4 depict a “lascivious exhibition of the genitals
or pubic area” of a minor, the image reprinted on page four of P.E. 4 does
not. See United States v. Roderick, 62 M.J. 425, 429 (C.A.A.F. 2006)
(citing United States v. Dost, 636 F.Supp. 828, 832 (S.D.Cal. 1986)
(listing the “so called ‘Dost factors’” for determining what constitutes
“lascivious exhibition.”).

 Accordingly, “the record reveals a substantial basis in fact for
questioning” appellant’s plea with regard to that image.

 CONCLUSION

 The court affirms only so much of the findings of guilty of the
Specification of Charge III as finds appellant did on or about 28 May 2009,
at or near Wiesbaden, Germany, knowingly and wrongfully download ten
electronic files of child pornography, which conduct was prejudicial to
good order and discipline and likely to bring discredit upon the armed
forces, in violation of Article 134, UCMJ. Reassessing the sentence on the
basis of the error noted, the entire record, and in accordance with the
principles of United States v. Sales, 22 M.J. 305 (C.M.A. 1986) and United
States v. Moffeit, 63 M.J. 40 (C.A.A.F. 2006), to include the factors
identified by Judge Baker in his concurring opinion, the court affirms the
sentence.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court
-----------------------
[1] The government did not offer as an exhibit the sole charged video file
depicting child pornography.